LEONA DeRAAY, Respondent, *v.* BERNARD DeRAAY, Appellant.

First Department, December 23, 1938.

*George J. Gross*, for the appellant.

*Edw. C. Weinrib* of counsel [*Kalman I. Nulman* with him on the brief; *Shaine & Weinrib*, attorneys], for the respondent.

TOWNLEY, J. The plaintiff brings this action asking for an injunction restraining the defendant, her husband, from prosecuting any action for divorce against the plaintiff in a foreign jurisdiction.

The parties were married in New York, September 3, 1929, and have remained residents of this State. There is an infant daughter, issue of the marriage. On March 26, 1936, the defendant is alleged to have wrongfully deserted the plaintiff. On July 17, 1936, the parties entered into a separation agreement providing for the custody of the child and for the payment of $87.50 per week to the plaintiff " so long as she shall remain alive or until she remarries." Summarized, the gravamen of the complaint is as follows: At numerous times the defendant sought to induce and coerce the plaintiff into bringing an action against him for divorce and, if she refused, he threatened to leave the State and to establish a domicile in a foreign State. Defendant also threatened to breach the separation agreement. Defendant further stated that he had established a domicile and residence within the State of New Jersey on advice of counsel and that he intended to bring a suit in the courts of the State of New Jersey against the plaintiff for absolute divorce, and that, if he were unable to establish the existence of a *bona fide* residence in the State of New Jersey so as to maintain a suit, he would go elsewhere and pretend to establish a residence and domicile, so that he might there bring an action for divorce. The conclusion is that the threats establish that the defendant is about to perpetrate a fraud upon the courts of this State and courts of foreign jurisdiction for the purposes of carrying out his nefarious scheme to rid himself of the plaintiff and marry his paramour. It is then alleged that all the persons competent to testify as to knowledge concerning the facts reside within the State of New York and that the threatened acts would impede, impair, prejudice and destroy the rights of the plaintiff in her marital status as well as in her property and contractual rights, and subject her to great expense to defend such threatened suit.

The law as to the extent to which a court of equity will go in enjoining parties to matrimonial disputes was clearly stated in

*Baumann* v. *Baumann* (250 N. Y. 382). There the court said (pp. 386, 388):

" It is elementary that a court of equity will not award the extraordinary relief of injunction except in cases where some legal wrong has been done or is threatened, and where there exists in the moving party some substantial legal right to be protected. Whether there exists or is threatened a legal wrong to be restrained and a legal right to be protected is, in the absence of disputed questions of fact, a question of law. * * *

" In the last analysis the only injury alleged is an injury to plaintiff's feelings. For such an injury an injunction will not be granted. In *Vassar College* v. *Loose-Wiles Biscuit Co.* [197 Fed. 982] the court quotes from *Marlin Fire Arms Co.* v. *Shields* [171 N. Y. 384] as follows: ' Equity does not undertake to relieve from all the annoyances caused by those who are inconsiderate of the feelings and business interests of others. On the contrary, it is a general rule, which has some exceptions, that it will not undertake to interfere where a party has an adequate remedy at law and when it does interfere it is guided by principles of equity, which during the long course of its administration have become established.'

" The court then says: 'Any departure from these sound principles is likely to lead to evils far greater than those sought to be remedied.' "

From the complaint here, it appears that the defendant has so far done nothing but talk and has taken no steps which in any way affect plaintiff's property rights. If he had actually instituted an action in some jurisdiction, there might be justification for equitable interference. Until some affirmative act is taken, the court should not interfere to grant the relief asked. Even in the case of *Greenberg* v. *Greenberg* (218 App. Div. 104), assuming that the decision in that case was not overruled by *Baumann* v. *Baumann* (*supra*), the defendant had actually instituted an action in Mexico for a divorce. We find no precedent for equitable interference to prevent mere threats from possibly ripening into action.

The order should be reversed and the motion granted.

MARTIN, P. J., O'MALLEY, DORE and COHN, JJ., concur.

Order unanimously reversed and the motion granted.