CLARA HAMMER, Respondent, *v.* GEORGE HAMMER, Appellant.

Submitted December 5, 1951; decided March 13, 1952.

*William A. Hyman* and *Harold W. Hayman* for appellant. I. The Court of Appeals has jurisdiction to review the order appealed from because all three certified questions present for decision the *power* of the Appellate Division to grant injunctive

relief. If this court finds that there was no power to grant relief, the question of discretion is immaterial, for discretion may not be exercised in favor of granting, if there is no power to grant. (*Browning* v. *Browning,* 247 N. Y. 579; *Morrell* v. *Brooklyn Borough Gas Co.,* 231 N. Y. 398; *Bachman* v. *Harrington,* 184 N. Y. 458; *McHenry* v. *Jewett,* 90 N. Y. 58.) II. The Appellate Division had no power to grant the temporary injunction while the order dismissing the complaint without leave to amend remained outstanding and unreversed. Plaintiff had no right to the provisional remedy of temporary injunction or to any other remedy in the action while the said order (which stands unreversed) existed. The first and third certified questions should, therefore, be answered in the negative. (*Nelson* v. *Nahtel Corp.,* 248 App. Div. 221; *Bannon* v. *Bannon,* 270 N. Y. 484; *Matter of Thrall,* 12 App. Div. 235, 153 N. Y. 644; *Hayes* v. *Hayes,* 208 N. Y. 600; *White* v. *White,* 224 App. Div. 355.) III. Plaintiff submitted no evidence whatsoever that defendant had not established a bona fide domicile in Florida. As a matter of law, she was therefore not entitled to an injunction restraining defendant from maintaining an action for divorce in Florida. The question whether plaintiff made out a case authorizing preliminary relief is a question of law reviewable by the Court of Appeals. (*Garvin* v. *Garvin,* 302 N. Y. 96.) IV. There was no separation decree or pending separation action in existence as in *Garvin* v. *Garvin* (302 N. Y. 96); *Pereira* v. *Pereira* (272 App. Div. 281), and *Palmer* v. *Palmer* (268 App. Div. 1010).

*Alexander J. Lekus* for respondent. I. The order of the Appellate Division granting a temporary injunction to maintain the *status quo* before trial was not a final but an intermediate order and is not reviewable by the Court of Appeals. II. In granting the injunction, the Appellate Division did not overlook the fact that the complaint had been dismissed. (*Matter of Picariello* v. *Heffernan,* 303 N. Y. 625; *Matter of Kalthoff,* 298 N. Y. 458.) III. Under the facts disclosed, a court of equity had power to enjoin a foreign suit for divorce against a resident of this State. (*Garvin* v. *Garvin,* 302 N. Y. 96; *Pereira* v. *Pereira,* 272 App. Div. 281; *Palmer* v. *Palmer,* 268 App. Div. 1010; *Greenberg* v. *Greenberg,* 218 App. Div. 104; *Gwathmey* v. *Gwathmey,* 116 Misc. 85; *Johnson* v. *Johnson,* 146 Misc. 93; *Dublin* v. *Dublin,* 150 Misc. 694; *Selkowitz* v. *Selkowitz,* 179 Misc. 608.)

LOUGHRAN, Ch. J. The plaintiff is the wife of the defendant. They were married in this State in 1913. In 1948, she brought in the Supreme Court of this State an action against him for a separation. During the trial of that action, they entered into a separation agreement whereby the action was settled and discontinued and he undertook to pay to her the sum of $10,000 and additional weekly payments of $110 for her support.

In February, 1951, he began a suit against her in the Circuit Court of Dade County, Florida, for a divorce, asserting that he had been an actual bona fide resident of that county for a period of more than ninety days immediately preceding the filing there of his bill of complaint against her. Copies of the papers in that action were received by her through the mails on March 2, 1951.

She then commenced in the New York Supreme Court this action against him in which she demands (1) a judgment permanently enjoining prosecution of his Florida divorce suit, and (2) an order also enjoining his prosecution thereof temporarily and until the New York Supreme Court in this action rules upon her right to a permanent injunction. Thereupon he made a cross motion at a Special Term of the Supreme Court of this State for an order dismissing her complaint in this action as being insufficient in law on the face thereof (see N. Y. Rules Civ. Prac., rule 106).

These cross motions resulted in two orders of Special Term. One denied the motion of the plaintiff wife for a temporary injunction and the other granted the motion of the defendant husband for dismissal of her complaint herein. She challenged each of these orders by a separate appeal to the Appellate Division but brought on for argument there only the appeal from the order that had denied her motion for a temporary injunction. By a vote of three to two, the Appellate Division reversed that order on the law and the facts and granted the motion of the plaintiff wife for an injunction pending trial of this action.

Upon a motion subsequently made by counsel for the defendant husband, the Appellate Division granted him leave to appeal to this court upon the following questions certified:

" 1. Was there any basis in the record for the exercise of discretion by the Appellate Division in issuing a temporary injunction?

" 2. Even if the complaint had not been dismissed, was there any basis in the record for the exercise of discretion by the Appellate Division in issuing a temporary injunction?

" 3. Did the Appellate Division have the power to reverse the order in this case denying plaintiff's motion for an injunction pendente lite and to grant the motion? "

The complaint of the plaintiff wife showed her to be entitled to a permanent injunction against prosecution by the defendant husband of his Florida divorce suit. Hence the Appellate Division had power in its discretion to issue its order temporarily enjoining his prosecution of that suit (Civ. Prac. Act, § 877; *Garvin* v. *Garvin,* 302 N. Y. 96).

The order should be affirmed, with costs. The first and third questions certified are answered in the affirmative. The second question certified is not answered, because no judgment directing dismissal of the complaint appears in the record (see Civ. Prac. Act, § 472; *Bannon* v. *Bannon,* 270 N. Y. 484; *Matter of Westberg,* 279 N. Y. 316, 319).

LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc. [See 303 N. Y. 1008.]