ANNA SIVAKOFF, Respondent, v. SAM SIVAKOFF, Appellant.

First Department, April 15, 1952.

*Samuel Sumner Goldberg* of counsel (*Irving Hatterer* with him on the brief; *Goldberg & Hatterer,* attorneys), for appellant.

*Sidney Hoffman* for respondent.

COHN, J. This action was brought to restrain defendant from prosecuting an action for divorce in Nevada, or in any State other than New York. Defendant was held to have appeared, but he defaulted in answering the complaint. Between the time process herein was served and the default judgment was rendered defendant obtained a decree of divorce in Nevada.

Following an inquest the court here directed the entry of judgment for the injunctive relief prayed for in the complaint. An adjudication was also made that the Nevada decree obtained by defendant was invalid and that the plaintiff was still the lawful wife of defendant, notwithstanding that such relief was not demanded by plaintiff in her complaint.

Section 479 of the Civil Practice Act provides: " Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint." The purpose of the enactment is to protect a defendant who does not answer, and to allow plaintiff only to obtain a judgment that will not be more favorable than that demanded in the complaint. The rule is intended for the protection of defendants who have suffered default, and proceeds upon the theory that a defendant, who has not appeared, has in such case been

given no notice of the increased liability to which he is to be held. (*Kelly* v. *Downing*, 42 N. Y. 71; *Slote* v. *Cascade Holding Corp.*. 276 N. Y. 239, 245; *Low* v. *Swartwout*, 171 App. Div. 725, 729; 3 Carmody on New York Practice, § 895, p. 1709.) The court was, therefore, without authority to grant the relief not demanded in the complaint.

In denying the motion to vacate and set aside the default judgment, the Special Term ruled that in view of defendant's deliberate default in answering, he could not be heard to set aside the judgment, but indicated that he might move to open the default. It is now well settled, however, that in such circumstances he may resist an unauthorized judgment or decree against him in any form that he may elect. (*Clapp* v. *McCabe*, 155 N. Y. 525, 533.) In *Coastal Equipment Co.* v. *Herrick* (243 App. Div. 97) this court restated the rule as follows: "The judgment, although entered on default, was unauthorized, in so far as it granted relief more favorable than that demanded in the complaint. It was open to attack, therefore, either by motion or in any form that the defendants might elect. (*Clapp* v. *McCabe*, 155 N. Y. 525.)"

It is to be noted that the material facts as alleged in the complaint had changed after that pleading was served and before the entry of judgment herein. Where, as here, there had been a default in answering, the court was without warrant, at the inquest, to amend the pleadings to conform to the proof. (Civ. Prac. Act, § 479.) Obviously, the court erred in permanently enjoining defendant from procuring a Nevada divorce decree which had already been obtained by him. Injunctive relief should not be granted against a fact accomplished. A Court of Equity does not suffer a vain order to be made. (*Tennessee* v. *Condon*, 189 U. S. 64; *Gueutal* v. *Gueutal*, 113 App. Div. 310, 116 App. Div. 918, appeal withdrawn 189 N. Y. 541; 30 C. J. S., Equity, § 16.)

The provision of the judgment restraining defendant from ever prosecuting an action for divorce in any State other than New York was also improper. The right to maintain a divorce action is predicated upon legitimate domicile. All States of the Union are open to establishing domicile therein. A permanent injunction restraining a person from establishing in the future a bona fide domicile in any other State of the Union even though one of its purposes may be to institute an action for divorce is unauthorized. (*Estin* v. *Estin*, 334 U. S. 541.)

Plaintiff calls attention to the fact that defendant is now back in New York actively engaged in business here. If plain-

tiff can show, as she asserts, that defendant's alleged residence in Reno, Nevada, was sham and that it was merely a temporary residence established for the sole purpose of obtaining the divorce, such proof may warrant a judgment by courts of this State in an appropriate action decreeing the invalidity of the foreign decree and vouchsafing to plaintiff all rights to which she may be entitled.

However, for the reasons heretofore stated, the order should be reversed, and the motion granted. Settle order.

CALLAHAN, J. P., VAN VOORHIS, SHIENTAG and FOSTER, JJ., concur.

Order, so far as appealed from, unanimously reversed and the motion granted. Settle order on notice.