Virginia Boston, Plaintiff, *v.* Harry L. Boston, Defendant.

Supreme Court, Special Term, Kings County, March 2, 1954.

*Vincent J. Malone* for defendant.

*William H. Booth* for plaintiff.

Brenner, J. Two questions are posed following trial of the wife's action for separation. In fixing alimony for a wife previously self-employed, is she entitled to such added sums as will enable her to continue personal savings and the equivalent

of a summer home? Is the wife entitled to an injunction where the husband has not commenced suit in New Jersey but has retained an attorney for that purpose?

It affirmatively appears that the plaintiff's income plus the sums granted her as alimony *pendente lite* do, by her own admission, cover all her personal requirements. She does not complain that these sums are inadequate but asserts that they do not provide the standard of living to which she is accustomed. The prior standard included the wife's self-employment which enabled her to accumulate personal savings. Such savings, added to those of the husband's, helped them to purchase a country and a city home. True, as matters now stand, she can no longer continue personal savings nor can she enjoy the summer home. (An interim order provides for her sole use of the city home so that the husband has taken possession of the country home.) Like many good things sometimes present when man and wife live together, such as personal savings and country homes, these are now denied them because they live apart. No doubt each spouse has lost other equally worthwhile things though they may not be counted in money or houses. In that sense the wife surely suffers a lessening of the standards of life she previously enjoyed. But it is not the husband's duty to supply his estranged wife with the equivalent of all her accustomed wifely pleasures and benefits; nor need he provide that which they both might afford out of joint funds and pooled incomes. (*Judd* v. *Judd*, 59 N. Y. S. 2d 680.) Were she now to discontinue self-employment, she would be enjoying a luxury she did not know when the marriage was intact and, having decided upon a separate existence, her new status must include self-employment which was her previous lot. Thus, while her capacity to earn does not debar her from obtaining alimony sufficient for her needs, that capacity must be considered in fixing a fair allowance to her. (*Berk* v. *Berk*, 191 App. Div. 920.) The allowance to be supplied should be to the extent that it is reasonable and necessary (*Seitz* v. *Seitz*, 192 App. Div. 924) and not such sum as will enable her to continue personal savings or the luxury of a summer home. Except for such lost benefits, the plaintiff's separate income plus the sums allowed her as alimony *pendente lite* are adequate and do not materially alter the standard to which she previously had been accustomed.

The wife is, however, entitled to the injunctive relief she seeks. It is quite true that injunctive relief should not be granted where the threat is an idle one or where there is but mere talk of an action in a foreign jurisdiction (*De Raay* v. *De Raay*, 255

App. Div. 544). Nor is the relief proper to prevent a defendant from establishing a bona fide residence in a sister State (*Sivakoff* v. *Sivakoff*, 280 App. Div. 106). But we have here evidence of imminent danger to the wife. It is disclosed that the defendant has actually assumed a spurious New Jersey residence for the purpose of commencing suit against the wife and it was not controverted upon the trial that such claimed residence is fictitious in fact. Moreover, *affirmative action* was taken by the defendant for he retained a New Jersey attorney who, after expressly referring to the defendant's false New Jersey address, advised that he was retained to " represent him in a claim against you which is predicated upon your desertion of him and the commission of certain cruel and inhuman acts against him." All this comes to more than just mere words and threats. True, there is no evidence of the actual commencement in New Jersey of the husband's action. But affirmative acts were taken here which, in view of the known permissible grounds for divorce in New Jersey based upon abandonment, may affect plaintiff's property rights by the entirety (*Stelz* v. *Shreck,* 128 N. Y. 263). Hence, there is here real and imminent danger to plaintiff's property rights (*Baumann* v. *Baumann,* 250 N. Y. 382) which require injunctive relief. (See, also, *Pereira* v. *Pereira,* 70 N. Y. S. 2d 763; *Hammer* v. *Hammer,* 278 App. Div. 396, affd. 303 N. Y. 481.)

The defendant's motion to dismiss plaintiff's cause of action for an injunction is denied but such injunction will be confined to any suit begun or in prospect which is based on the residence presently claimed by the defendant. Provisions for alimony shall be identical to those provided in the order *pendente lite.*

Judgment for plaintiff on both causes of action in accordance herewith.