MARGOT E. AGHNIDES, Respondent, *v.* ELIE P. AGHNIDES, Appellant.

First Department, October 29, 1957.

*Harold H. Corbin* of counsel (*Edward J. Bennett* with him on the brief; *Corbin, Bennett & Delehanty,* attorneys), for appellant.

*Harold H. Levin* of counsel (*Andrew D. Heineman* with him on the brief; *Proskauer, Rose, Goetz & Mendelsohn,* attorneys), for respondent.

RABIN, J. This is an appeal by defendant from a judgment permanently enjoining him from proceeding with a pending divorce action in Indiana wherein he is the plaintiff.

The parties were married in Indiana in July, 1952. Prior to their marriage the wife resided in Indiana, the husband in New York. After their honeymoon they took up residence in New York. Very shortly thereafter they separated, the wife returning with all her baggage to her mother in Indiana by October 4 and the husband remaining in New York. Except for a brief return to New York for an unsuccessful attempt at reconciliation, the wife lived in Indiana until January, 1953 when she returned to New York. While so living in Indiana, the wife voted in that State in the November, 1952 elections.

The husband started the Indiana divorce action on December 20, 1952, which was later amended to include a count for annulment for fraud, as a result of process left for the wife at her parents' home. Two days later the wife commenced an action for separation in New York.

At the outset of the Indiana proceeding the wife there appeared specially to contest jurisdiction. The parties are agreed that a jurisdictional requisite of Indiana law is that the wife shall have been an Indiana resident for one year prior to the institution of the action. As indicated, the parties had made their marital residence in New York, and consequently Indiana apparently had no jurisdiction. The Indiana court, however, denied the wife's plea in abatement on the ground that the husband's claim of fraud, if sustained, would nullify the residence effect of the marriage. Accordingly, it was held that the issue of Indiana's jurisdiction would depend upon the result of the trial of the issue of fraud and the wife proceeded to enter a general appearance in Indiana. The Indiana proceedings have not progressed beyond this point, there being no Indiana trial or judgment on the merits. The Indiana court on the application of the husband had originally granted an *ex parte* stay of the New York action, but later, upon ascertaining all of the facts, vacated the stay and refused to interfere with the New York proceedings.

In our courts the husband pleaded cruelty, abandonment and fraud as affirmative defenses and as counterclaims for separation and annulment. The trial court dismissed the complaint and awarded the husband a separation; this court ordered the dismissal of the counterclaims (283 App. Div. 1054); the Court of Appeals affirmed the dismissal of the counterclaims but directed entry of judgment for separation in favor of the wife (308 N. Y. 530). Significant for our purposes is the following language of Judge FULD in writing for the majority of the Court of Appeals in affirming the finding that there was no fraud to support the counterclaim for annulment. " Turning to defendant's counterclaim for annulment, the Appellate Division was warranted in affirming Special Term's dismissal upon the ground that the evidence adduced was insufficient to establish that plaintiff possessed a premarital intention not to bear children; and, in any event, even if plaintiff had been guilty of such fraud, it would have been condoned by the subsequent cohabitation of the parties after defendant learned the facts constituting the alleged fraud (Civ. Prac. Act, § 1139)." (308 N. Y. 532–533.)

In view of the finding by the Court of Appeals that proof of fraud by the wife is absent, we affirm without canvassing the various issues raised by counsel or by the court below. For that finding, which is conclusive here and elsewhere (*Pray* v. *Hegeman*, 98 N. Y. 351; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304; *Statter* v. *Statter*, 2 N Y 2d 668), establishes the absence of Indiana jurisdiction. Indiana jurisdiction is dependent upon the wife's residence in Indiana for one year prior to December, 1952; the marital residence of the parties prior to October 4, 1952 was New York; the husband's claim that the marriage was null for fraud has been squarely adjudicated against him; there is, therefore, now no room left for contention that Indiana has jurisdiction over the wife. In the circumstances this case comes squarely within the doctrine of *Garvin* v. *Garvin* (302 N. Y. 96) and *Hammer* v. *Hammer* (303 N. Y. 481).

Our conclusion is not affected by the wife's appearance in the Indiana proceeding. *Garvin* and *Hammer* intended to grant relief to the wife confronted with the prospect of a presumptively valid decree of a sister State, entitled to full faith and credit, where the residence of the suing spouse in the sister State is, in fact, but a sham. (See *Rosenbaum* v. *Rosenbaum*, 309 N. Y. 371, 374–375.) The wife's dilemma and the necessity for injunctive relief is not reduced because the wife here, fearful of risking default after service of Indiana process by the

husband while she was living in Indiana, made that appearance in the Indiana proceeding essential to contest jurisdiction. The considerations of policy subserved by *Garvin* and *Hammer* would be demeaned if made dependent upon whether the wife here through her special appearance incurred rather than avoided the risk of an Indiana default judgment at a time before our courts made the finding of fact which established the absence of Indiana jurisdiction.

The judgment should be affirmed, with costs and disbursements.

PECK, P. J., BREITEL, BOTEIN and FRANK, JJ., concur.

Judgment unanimously affirmed, with costs and disbursements to respondent.