Orders reversed, without costs, motion for temporary injunction denied, and motion for summary judgment granted. Appellant obtained a divorce in Nevada on July 6, 1956. Whether that decree is valid is immaterial. A permanent injunction restraining the institution or prosecution of a divorce action in a foreign State may not be granted where the divorce in the foreign State has already been granted. (*Sivakoff* v. *Sivakoff*, 280 App. Div. 106.) Therefore, a temporary injunction may not be granted. Under such circumstances, the complaint should be dismissed, not on the merits, but because the issues are moot. (*Wilmerding* v. *O'Dwyer*, 297 N. Y. 664; 297 N. Y. 781.) In any event, it appears that respondent has instituted an action to determine the validity of the Nevada decree. Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur; Wenzel, Acting P. J., dissents and votes to affirm the orders, with the following memorandum: On May 31, 1956 appellant was served with the summons and complaint in the action for an injunction and an order to show cause for a temporary injunction, which order contained a stay pending the hearing and determination of the motion, returnable June 22, 1956. Respondent was served on June 14, 1956 with process in the Nevada action. Appellant prosecuted the Nevada action and obtained his decree in violation of the stay contained in the order to show cause. His motion, pursuant to section 237-a of the Civil Practice Act, to set aside the service of the summons in the New York action was denied, after a hearing in which it was found that both parties were domiciled in New York. This court should not aid and abet appellant's wanton and inexcusable disregard of a solemn order of a Justice of the Supreme Court of this State (*Matter of Cost* [*Benetos*], 277 App. Div. 1049, affd. 304 N. Y. 800; *Danziger* v. *Gottlieb*, 156 App. Div. 571; *People ex rel. Day* v. *Bergen*, 53 N. Y. 404). *Sivakoff* v. *Sivakoff* (280 App. Div. 106) is distinguishable (see, e.g., "*Benedict*" v. "*Benedict*", 203 Misc. 286, 290; cf. *Garvin* v. *Garvin*, 306 N. Y. 118). A judgment after trial in the injunction action may provide relief appropriate to the issues raised by the pleadings and the facts developed at the trial.

## (December 24, 1957)

■ In the Matter of the Application of SIMON ROSE for Admission to Practice as an Attorney. (From England.) — Application granted. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

## (December 30, 1957)

■ AMBASSADOR REALTY CO., INC., Appellant, v. ALEXANDER NICOLAY, Respondent.— Appeal from an order denying appellant's motion to adjudge respondent in contempt of court for an alleged violation of injunctive provisions in a judgment pertaining to an easement and right of way. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur. [7 Misc 2d 1054.]

■ DOROTHY BARKO, as Executrix of BLANCHE B. HILDRETH, Deceased, Respondent, v. BARTOLA MOLLICA et al., Appellants.— Appeal from an order denying appellants' motion to dismiss the first cause of action pleaded in the complaint, wherein recovery is sought for a wrongful death, on the ground that the Statute of Limitations had run when the appellants were served with the summons (Rules Civ. Prac., rule 107, subd. 5). Order reversed, without costs,