Walter R. Hart, J.
Motion by plaintiff wife for an injunction pendente lite and counsel fee. This motion was made simultaneously with service of a summons and complaint in an action to enjoin the husband from proceeding with an action *309 for divorce which is pending in the courts of the State of Alabama, and from commencing or maintaining any other action against plaintiff, in a court of any jurisdiction other than the State of New York, which may prejudice plaintiff’s marital status and rights under the laws of this State. The instant motion seeks an order restraining the husband from taking, pendente lite, any of the aforestated steps.
The papers in support of the motion allege that plaintiff wife had obtained in this court, in December, 1957, a judgment of separation upon the grounds of abandonment and nonsupport; that said judgment provided for payment of $15 per week for plaintiff’s support and maintenance; that shortly thereafter, in January, 1958, the husband commenced an action for divorce in the courts of Alabama in which he alleged a bona fide residence in Alabama for a period of more than one year next immediately preceding the commencement of the action there; that such allegation is false and fraudulent and that in fact the husband was at all times and continues to be a resident of the State of New York; that the husband gave a Brooklyn residence at the time of the trial of the separation action; that he is and at all times has been a part owner of a substantial business in the city of New York; and that if he was in Alabama at any time it was solely for the purpose of executing papers in connection with his divorce action there. Plaintiff wife further alleges that she received by mail a copy of the summons and complaint and order of publication in the husband’s divorce action instituted in Alabama but that she has not been served personally in that action. The wife further contends that her husband has commenced the Alabama action for purposes of circumventing the laws of this State as well as his obligations and her rights as established under the judgment of separation. Plaintiff further states that she is presently unemployed and that her sole income comes from unemployment insurance payments, and from the $15 per week, allowed under the judgment of separation, which the husband has not paid promptly to date. The wife contends that she is unable to pay a counsel fee.
The husband, in his affidavit in opposition, does not attempt to controvert the allegations of fact set forth in his wife’s moving papers. He states in his affidavit that he has no objection to the making of an order restraining him from prosecuting or perfecting the action pending in Alabama. He expressly opposes, however, that phase of the motion which seeks to restrain him from commencing or maintaining any other action in the courts of any jurisdiction other than the State of New York.
*310 Since a divorce decree granted in an action instituted in a sister State would presumptively be entitled to full faith and credit in this State even though there has been only constructive service on the nonresident spouse in that action (Williams v. North Carolina, 317 U. S. 287), the courts of this State have the power to enjoin prosecution of such action (Garvin v. Garvin, 302 N. Y. 96; Hammer v. Hammer, 303 N. Y. 481). In the instant case, the bringing of the Alabama action by the husband creates a sufficient and immediate necessity for equitable relief, and is sufficient injury to the wife to justify the granting of injunctive relief with respect to the action pending in Alabama (Pereira v. Pereira, 272 App. Div. 281).
However, that part of the motion which seeks to restrain the husband, during the pendency of this action, from instituting or maintaining any other action, in the future, in any jurisdiction other than the State of New York, stands on a different footing and must be denied. A permanent injunction restraining a person from ever prosecuting an action in any State other than New York, cannot properly be granted, inasmuch as all States of the Union are open to the establishment of a bona fide domicile in the future even if one of the purposes thereof is to institute an action for divorce (Sivakoff v. Sivakoff, 280 App. Div. 106; Zimmerman v. Zimmerman, 275 App. Div. 696). Nor, in the absence of any showing of affirmative steps taken by the husband to institute an action elsewhere, will a temporary injunction be- granted (Weiss v. Weiss, 89 N. Y. S. 2d 250; see, also, Pereira v. Pereira, supra). In the instant case there is no indication that the husband plans to take any steps to institute another action for divorce in any State other than this State. Under the circumstances, therefore, the request for injunctive relief with respect to any action that may be instituted in the future outside the State of New York is denied. However, the denial is without prejudice to an application for such injunctive relief in the event that defendant commences any other proceeding in a foreign State.
Under section 1169-a of the Civil Practice Act (as amd. by L. 1957, ch. 739, eff. Sept. 1, 1957), the court is given discretion to award a counsel fee in an action of this character. Defendant is directed to pay the sum of $300 as and for a counsel fee herein, payable as follows: $150 within 10 days after service of a copy of the order to be entered herein with notice of entry thereof, and the balance on or before the date of trial.
In accordance with the foregoing, that part of the motion which seeks to restrain defendant husband from proceeding with the action pending in Alabama is granted; the motion for *311 injunctive relief is, in all other respects, denied, except that such denial is without prejudice to an application for further injunctive relief in the event that defendant commences any other proceeding in a foreign jurisdiction during the pendency of this action. The application for counsel fee is granted as indicated above.
Settle order on notice.