John F. Scileppi, J.
The plaintiff brought an action for a separation against her husband. Subsequently she made a motion for temporary alimony and counsel fees. Since the defendant did not desire to contest the issues presented by the complaint in the separation action, the parties agreed upon the amount of support and maintenance for the plaintiff and the two children of the parties, the custody of such children and the defendant’s right to visit them, and the amount of the counsel fee and disbursements of the plaintiff’s attorney. Such agreement was embodied in an exchange of letters between the respective attorneys. The defendant then filed a notice of appearance.
Plaintiff now moves to enjoin the defendant from instituting, prosecuting or perfecting an action for divorce against her in the courts of the State of Alabama and from instituting, pros *595 ecuting or perfecting any other action or proceeding against her in any court in any jurisdiction other than the State of New York, and to direct the payment of $400 as additional counsel fees over and above the $350 already paid, for the preparation of the instant motion for a temporary injunction.
There is no proof of any kind in the moving papers that the defendant has commenced any action for divorce against the plaintiff in the State of Alabama or in any other State. The plaintiff predicates her motion for drastic injunctive relief solely upon her claim that she “ received information ” that the defendant commenced an action for divorce against her on or about July 28, 1958 by publication in newspapers in Alabama. There is not the slightest evidence, however, presented to the court establishing the actual commencement of divorce proceedings in Alabama; mere threats of such proceedings do not constitute a sufficient basis for a temporary injunction. (Pereira v. Pereira, 272 App. Div. 281, 288.) There must be proof that the party sought to be enjoined has taken some affirmative steps to institute the action. (De Raay v. De Raay, 255 App. Div. 544, affd. 280 N. Y. 822.) There is no power in the court to enjoin a party from ever prosecuting an action for divorce in any State other than New York, inasmuch as all States of the Union are open to the establishment of a bona fide domicile in the future. (Sivakoff v. Sivakoff, 280 App. Div. 106; Zimmerman v. Zimmerman, 275 App. Div. 696.)
The motion is accordingly denied, without prejudice to renewal upon proper proof. Submit order.