■ HELEN A. SQUIRES, Individually and as Administratrix of the Estate of EUGENE SQUIRES, Deceased, Respondent, v. PAUL TAYLOR et al., Appellants.— Order of the Supreme Court, Kings County, dated June 14, 1966, reversed, without costs, and plaintiff's motion to vacate a prior order dismissing the action denied. In our opinion, it was an improvident exercise of discretion to grant plaintiff's motion (*Greenwald* v. *Zyvith*, 23 A D 2d 201). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ NAN R. YOUNG, Respondent, v. GORDON C. YOUNG, Appellant.— Judgment of the Supreme Court, Westchester County, dated April 12, 1966, modified, on the law, (a) by striking out the provision granting a permanent injunction and (b) by substituting therefor a provision denying such injunctive relief. As so modified, judgment affirmed insofar as appealed from, without costs. The findings of fact below are affirmed. The action was for separation. At the trial, plaintiff wife was permitted to add a cause of action permanently to enjoin defendant from instituting an action for divorce without the State. The judgment grants such injunction except for actions on grounds permitted in this State. In our opinion, the trial court was not authorized to grant such permanent injunction. A person has a right to obtain a bona fide domicile in another State even though one of his purposes in doing so is to institute an action for divorce there (*Sivakoff* v. *Sivakoff*, 280 App. Div. 106, 109; *Estin* v. *Estin*, 334 U. S. 541; *Sandhous* v. *Sandhous*, 12 Misc 2d 308, 310; *Storkel* v. *Storkel*, 14 Misc 2d 594, 595). Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.