Louis B. Heller, J.
Plaintiff in this action moves to amend her prayer for relief on a first cause of action in an amended complaint to substitute a plea for a decree of separation rather than for divorce. By way of justification of this somewhat novel *561 application, plaintiff states that the defendant since the commencement of the action has 11 treated the plaintiff in a cruel and inhuman manner ’ ’ by his continued cohabitation as husband and wife with another woman by whom he has had a child.
The parties were married more than 30 years ago. Their children are of age, married and self-supporting. There is small question here that in recent years the relationship between the plaintiff and defendant has been bitter and hostile. The original complaint served more than a year ago had but one cause of action and one prayer for relief — for divorce based upon the ‘ ‘ adulterous relationship ’ ’ between defendant and the strange woman with whom he is alleged to reside in a home purchased with her by the entirety as his wife.
The answer to the original complaint expressly admitted 1 ‘ each and every allegation of the complaint ’ ’ and asked only that the issues be limited to his ability to pay and the amount to be' awarded for plaintiff’s support. Subsequently plaintiff applied for an order directing the furnishing of security, sequestration, examination before trial, payment of additional counsel fees and permission to amend her complaint to assert three additional causes of action with reference to possession and title of certain real property, including the home now occupied by defendant and the other woman. Only the application permitting amendment was allowed. This matter has been reached for trial and has been adjourned according to defendant’s attorney on at least two occasions, solely at plaintiff’s request. In the interim, plaintiff has been receiving temporary alimony of $100 per week for approximately one year past pursuant to an order of this court.
Following a pretrial conference in September, 1967, an examination of defendant was allowed to determine the extent of his finances. Plaintiff states in her moving affidavit that the defendant ‘ ‘ was vague in his answers ’ ’ and she is apparently unhappy with the results of her financial quest. It is at this point that she has decided that a separation rather than a divorce is indicated by the “mental anguish, shame and embarrassment ” inflicted on her by defendant’s continued consortion with his paramour.
Plaintiff’s attorney is somewhat more blunt on the issue and has obligingly refined it so that there is no doubt about the purpose of the proposed switch. He reviews the disappointing results of the examination of defendant’s finances and states: “ In view of defendant’s said conduct and in plaintiff’s desire to preserve those rights which are available to her as a wife *562 separated pursuant to Court decree rather than as an ex-wife, plaintiff now asks leave to amend her complaint so as to make this action one for a separation. ’ ’
CPLR 3025 (subd. [b]) states that “Leave shall be freely given ” to amend pleadings. It does not in my estimation strip a court of all discretion on such an application.
“ The plenary discretion given the courts to grant leave to amend does not mean that leave must be granted in all cases. The United States Supreme Court, in the process of construing the federal rule on amendment, summed up the standard in a manner that appears quite appropriate for use under CPLR 3025(b):
‘ ‘ If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc.— the leave sought should, as the rules require, be ‘ freely given. ’ ” (3 Weinstein-Korn-Miller, N. Y. Prac. p. 3025.15.)
There is not the slightest attempt in the moving papers to justify the delay in making this application at this time when the matter is on the calendar and awaiting trial. Plaintiff’s belated “ anguish ” because of defendant’s continued “ meretricious ” association does not impress me. In view of the announced purpose of plaintiff to retain her connubial grasp on defendant, I find the switch from divorce to separation on the first cause of action as constituting for all practical purposes a further cause of action involving finances alone. I am very well aware of the fact that the dollar plays an inordinately prominent role in' marital squabbles, but primarily such an action is or should be directed toward a remedy appropriate to a solution of the parties ’ matrimonial differences.
The 1966 Report of the Joint Leigslative Committee on Matrimonial and Family Laws to the Legislature of the State of New York (p. 93) comments: “ Much testimony before the Committee leveled criticism at the existence of the action for judicial separation in New York. Critics claimed that the separation action was generally used as a device to extract high alimony from a spouse who wished to escape the bonds of marriage. The claim was further made that judicial separation condemned the parties to unwanted concubinage or celibacy; that it was purposeless and ineffective; that it should be abolished.
*563 í( The Committee recognized that a substantial number of the citizens of this State do not, for religions or other personal reasons, recognize divorce for themselves or their marital partners. For these people, separation from bed and board is often the only remedy by which they can obtain necessary judicial relief. Although the Committee recognizes defects in the existence of separation as a remedy, it believes that abolition or modification of the action for separation is, at the present time, ill advised for the above reasons.” This court recognizes as did the Legislative Committee that in this State, despite attendant abuses, actions for separation serve a useful purpose to alienated marital partners where divorce is repugnant to them for religious or other varied reasons. I find no such sound reason for exercise of the court’s discretion in favor of plaintiff’s application. It may very well be that plaintiff through use of some other form of relief, or by instituting a new action, may accomplish her purpose, but this court will not willingly be a party to it.
The motion is denied.