Bertram Harnett, J.
Plaintiff wife has instituted an action for a permanent injunction and now moves for a preliminary injunction barring her defendant husband from instituting a *704 divorce action in Nevada. Defendant cross-moves here to dismiss the complaint.
The parties were married in 1946 in New York City, where they have continually maintained their marital residence. Defendant husband, who maintains several offices for the practice of dentistry in New York, left for Nevada about November 7, 1969, where he retained an attorney for the purpose of securing a divorce.
His wife asserts that he has no intention of staying in Nevada, but rather that he intends to return to New York upon receipt of a Nevada divorce decree.
The husband does not deny these facts, but instead asserts that no divorce action has yet been instituted in Nevada and that his wife may therefore not obtain injunctive relief at this time. He admits that under the circumstances alleged by his wife any divorce decree obtained by him in Nevada would be invalid.
Ordinarily, where a plaintiff has established a bona fide domicile in one State, and where procedural due process requirements have been met in bringing divorce proceedings against a spouse in another State, a divorce decree granted by the State in which the plaintiff moves must be afforded full faith and credit (Williams v. North Carolina, 317 U. S. 287). However, where the issue of domicile was not litigated in the decreeing State, and the defendant did not appear, the question of domicile may be litigated at a later date (cf. Lynn v. Lynn, 192 Misc. 720, affd. 302 N. Y. 193). Where the absence of domicile is later, alleged and proven, an out-of-State decree need not be given full faith and credit (Williams v. North Carolina, 325 U. S. 226).
Defendant would not apparently disagree with this summary of the existing state of the law. However, he claims that all of these circumstances do not entitle his wife to an injunction against his proceeding with the foreign action. With this conclusion, the court does not agree.
It must be recognized that both marital and injunctive causes are basically founded in the equitable jurisdiction of the court (DeRaay v. DeRaay, 255 App. Div. 544, affd. 280 N. Y. 822). Neither root from the so-called common law, but rather come from that branch of our legal tradition (historically called “ equity”) that seeks to do rig’ht in the circumstances, to do what ought to be done (Church v. Church, 58 Misc 2d 753: Sorkin v. Sorkin, 55 Misc 2d 560).
Granting the preliminary injunction requested by the wife would do no more than maintain the status quo of the parties *705 until the bona fides of the husband’s alleged foreign domicile are determined in the main action (Hammer v. Hammer, 278 App. Div. 396, 399). To permit the husband to institute divorce proceedings in Nevada would place his wife in an unfair position of imminent peril. As was noted in Hammer v. Hammer (supra, affd. 303 N. Y. 481) she would then be placed on the horns of a dilemma, having the option of either sitting idly by while her marriage is purportedly dissolved in Nevada, keeping for herself what may be an illusory right to attack the decree at a later time, or of appearing in Nevada, at great expense, and placing all her marital rights at the mercy of a court ostensibly foreign to every aspect of their marital domicile and relationship.
Under these circumstances, a preliminary injunction is proper and plaintiff may maintain her action for a permanent injunction (Garvin v. Garvin, 302 N. Y. 96). This is true, despite the fact that there is no matrimonial action pending presently between the parties (Boston v. Boston, 205 Misc. 561).