■ In the Matter of TAMAR ROSS, Petitioner, v WILLIAM GIACCIO, as Justice of the Supreme Court, Queens County, et al., Respondents. — Application by petitioner, pursuant to CPLR article 78, to prohibit the respondents, Justices of the Supreme Court, Queens County, from signing a proposed judgment of divorce in an action between Tamar Ross v Howard Ross, under Index No. 10202/79, and to prohibit the respondent Clerk of Queens County from entering such a judgment and to vacate same if one has already been entered. The Attorney-General's motion to dismiss the proceeding will also be deemed his answer. Motion of the Attorney-General denied. Application granted, without costs; the respondent Justices are prohibited from signing a judgment of divorce and the respondent Durante is prohibited from entering same if a judgment has been signed. The facts are conceded. By amended summons, served without a complaint, petitioner commenced an action, which noted on its face that it was an action for separation or divorce, among other causes of action not here material. The amended verified complaint thereafter served alleged (1) a cause of action for separation on the ground of abandonment; (2) another cause of action for separation on the ground of abandonment; (3) a cause of action for separation on the ground of nonsupport, together with other causes of action not here material. There was no cause of action for divorce. The husband's answer contained a counterclaim for annullment on the ground of fraud. After trial, the court wrote a decision dismissing the wife's causes of action for separation and the husband's counterclaim for annulment, but granted a judgment of divorce to the wife on the ground of cruel and inhuman treatment. Thereafter, in an amended decision, the court specified the findings which formed the basis of the cruel and inhuman treatment. We hold that, despite the fact that the summons stated that the action was for divorce and separation, the court was without power to grant a judgment of divorce to the plaintiff under the circumstances of this case. The amended complaint did not contain a cause of action for divorce, nor did it allege a cause of action based on cruel and inhuman treatment. Although, during the trial defendant husband moved to conform the pleadings to the proof, the court was without power to amend the complaint on the defendant's motion, so as to allege a cause of action for divorce based on cruelty in view of the express refusal of plaintiff during the trial to amend her pleading to include a cause of action for divorce. CPLR 3017 (subd [a]), which provides that the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, is not applicable in the situation at bar. The motion of the Attorney-General to dismiss the petition for failure to state

facts entitling petitioner to relief on the ground that (a) the judgment, if signed, is reviewable on appeal, and (b) the husband has not been joined as an adverse party is denied because the court is about to proceed without or in excess of jurisdiction, and further because the husband has appeared and has submitted an affidavit and memorandum of law in opposition to the petition. Mollen, P.J., Damiani, Cohalan and O'Connor, JJ., concur.