## (October 22, 1981)

■ TAMAR ROSS, Appellant, v HOWARD ROSS et al., Respondents. — In an action, *inter alia,* for a separation, the plaintiff wife appeals from an order of the Supreme Court, Queens County (Giaccio, J.), dated September 24, 1981, which denied her motion to set aside a memorandum decision of the same court and "vacating the judgment of divorce to be entered thereon". Order reversed, on the law, with $50 costs and disbursements, motion granted to the extent of vacating so much of the decision as held that plaintiff was entitled to a divorce, and action remitted to Special Term for the entry of an appropriate judgment consistent herewith. The amended summons served by the wife stated, *inter alia,* that the object of the instant action was to obtain a separation and

divorce. Her amended complaint, however, contained three causes of action for a separation on the grounds of abandonment and nonsupport, but made no request for a divorce. The husband did not counterclaim for a divorce. The trial court rendered a memorandum decision, finding as a fact that "defendant Howard Ross without plaintiff's consent, abandoned plaintiff in or about September 1978." The court thereupon concluded that "plaintiff is entitled to a Judgment of Divorce on the grounds of Cruel and Inhuman treatment". The wife promptly moved, *inter alia,* to set aside the court's memorandum decision, protesting that she had not asserted any cause of action based upon cruel and inhuman treatment and that she did not, in any event, seek a divorce. The motion was denied and plaintiff has appealed. CPLR 3017 (subd [a]), which provides that the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, is not applicable in the situation at bar (see *Matter of Ross v Giaccio,* 80 AD2d 925, revd on other grounds 54 NY2d 810), because that section does not authorize the award of alternative relief against the wishes of the prevailing party. In this case the husband, who the court found wrongfully abandoned the plaintiff, wished to remarry and it is he who has sought to have the court award a divorce. To grant a divorce would be to benefit the wrongdoing defendant by giving him relief for which he did not counterclaim and to which he did not prove himself entitled (cf. *Sipos v Kelly,* 66 AD2d 1022). At the same time it would penalize the innocent plaintiff. We note that the Legislature has considered and rejected the abolition of judicial separations because "a substantial number of the citizens of this State do not, for religious or other personal reasons, recognize divorce for themselves or their marital partners" (1966 Report of the Joint Legislative Committee on Matrimonial and Family Laws to the Legislature of the State of New York, p 93; see, also, *Sorkin v Sorkin,* 55 Misc 2d 560, 563). An award of a divorce against the express wish of the prevailing party would frustrate this public policy. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.