■ JOSEPHINE M. DAVENPORT et al., Appellants, v CHARLES A. MARTIN, JR., et al., Respondents. [740 NYS2d 923] —Appeal from parts of a judgment of Supreme Court, Erie County (Mahoney, J.), entered March 1, 2001, which, inter alia, rescinded the stock redemption agreements between the parties.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating those portions rescinding the stock redemption agreements and directing defendants to restore plaintiffs' shares of stock in defendant Reliance Building & Equipment Co., Inc. and by awarding plaintiffs judgment in the amount of the fair market value of their shares of stock in defendant Reliance Building & Equipment Co., Inc., deducting therefrom any offsets, and as modified the judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Plaintiffs appeal from a judgment that rescinded the stock redemption agreements between the parties, directed defendants to restore plaintiffs' shares of stock in defendant Reliance Building & Equipment Co., Inc. (Reliance) and to provide plaintiffs with financial disclosure, and directed the parties to negotiate dividends. Initially, we note that defendants failed to file a notice of appeal and thus we do not consider their challenge to Supreme Court's determination that defendant Charles A. Martin, Jr. breached his fiduciary duties to plaintiffs (*see* CPLR 5515).

We agree with plaintiffs that the court abused its discretion in awarding equitable relief when they requested money damages and in fact did not want equitable relief. Pursuant to CPLR 3017 (a), the court may grant "any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just." Although the choice of relief is discretionary (*see Ungewitter v Toch*, 31 AD2d 583, 584, *affd* 26 NY2d 687), "CPLR 3017 is not intended as an expedient for forcing on a plaintiff relief which the plaintiff nei-

ther seeks nor wants" (*Murphy v American Home Prods. Corp.*, 136 AD2d 229, 234; *see Ross v Ross*, 84 AD2d 569, 570, *affd for the reasons stated* 55 NY2d 999). Here, the record establishes that plaintiffs no longer trust Martin and do not want their shares returned. Consequently, we modify the judgment by vacating those portions rescinding the stock redemption agreements and directing defendants to restore plaintiffs' shares of stock in Reliance and by awarding plaintiffs judgment in the amount of the fair market value of their shares of stock in Reliance, deducting therefrom any offsets, and we remit the matter to Supreme Court, Erie County, to determine the fair market value of those shares, following a hearing on that issue, if necessary.

We further conclude, however, that the court properly determined that plaintiffs failed to establish fraud. "On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545; *see Fryling v Omer Constr. Co.*, 286 AD2d 983; *Farace v State of New York*, 266 AD2d 870). Here, the court's determination that Martin genuinely believed that the redemption price was fair and would provide plaintiffs with a sufficient income is based upon a fair interpretation of the evidence (*see Newton v State of New York*, 283 AD2d 992, 993). Present—Pine, J.P., Hayes, Hurlbutt, Burns and Lawton, JJ.