■ JOSEPHINE M. DAVENPORT et al., Respondents-Appellants, v CHARLES A. MARTIN, JR., et al., Appellants-Respondents. [771 NYS2d 460]—

Appeal and cross appeal from a judgment of the Supreme Court, Erie County (David J. Mahoney, J.), entered April 29, 2003. The judgment, inter alia, awarded damages to plaintiffs in the aggregate amount of $401,348.76 with prejudgment interest at the rate of 4.7%.

It is hereby ordered that the judgment so appealed from be

and the same hereby is unanimously modified on the law by providing in the third decretal paragraph that plaintiffs are awarded prejudgment interest at the rate of 9% and vacating in the third decretal paragraph the aggregate and total amounts awarded and in the fourth decretal paragraph the sum of $665,798.01 and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging fraud and breach of fiduciary duty in connection with their execution of stock redemption agreements for shares of stock in defendant Reliance Building & Equipment Co., Inc. (Reliance). On a prior appeal, this Court modified an order of Supreme Court by vacating those parts rescinding the stock redemption agreements and directing defendants to restore plaintiffs' shares of stock in Reliance, and awarded plaintiffs judgment in the amount of the fair market value of their Reliance shares (*Davenport v Martin*, 294 AD2d 891 [2002]). Upon remittal, the court appointed a referee to determine the fair market value of those shares. Defendants appeal from a judgment granting plaintiffs' motion for entry of judgment upon the referee's amended determination, denying their cross motion to reject the referee's amended determination, awarding damages to plaintiffs in the aggregate amount of $401,348.76 with prejudgment interest at the rate of 4.7% and determining that defendants are jointly and severally liable for the award. Plaintiffs cross-appeal from that part of the judgment awarding prejudgment interest at the rate of 4.7%. Because the referee's amended determination was within the range of expert testimony, it should not be disturbed (*see Matter of Boyce-Canandaigua, Inc. v Brown*, 294 AD2d 960 [2002]; *F.W. Woolworth Co. v Srogi*, 92 AD2d 736, 737 [1983]). However, the court did not have the discretionary power to fix a rate of interest other than the statutory rate of 9% (*see* CPLR 5001 [a]; 5004; *Dean v John B. Pike & Son*, 145 AD2d 942, 943 [1988]). Consequently, we modify the judgment by providing in the third decretal paragraph that plaintiffs are awarded prejudgment interest at the rate of 9% and vacating in the third decretal paragraph the aggregate and total amounts awarded and in the fourth decretal paragraph the sum of $665,798.01. We have considered defendants' remaining contentions and conclude that they lack merit. Present—Green, J.P., Pine, Wisner, Gorski and Lawton, JJ.