MARY J. PALMER, Respondent, v. RAY E. PALMER, Appellant.— Appeal from an order of the Special Term entered in the Broome County Clerk's office on

September 21, 1944, restraining the defendant from proceeding with an action for divorce against the plaintiff in the State of Nevada and from prosecuting any other action against plaintiff affecting the marital status of the parties in any court in any jurisdiction other than the State of New York. This is a matrimonial action for a separation on the ground of cruel and inhuman treatment. The answer denies such conduct and sets up a counterclaim for a separation on the same ground. The summons was served personally upon the defendant in the State of New York on June 7, 1944, and he thereafter appeared and answered. On July 1, 1944, defendant left the State and took up a temporary residence in Pennsylvania. From there he went to Nevada and claims that on July 13, 1944, he began a residence in that State and has since been domiciled there continuously. On August 26, 1944, he began an action against plaintiff in the State of Nevada for divorce and the process in that action was served upon the plaintiff by publication and by personal service within the State of New York only. In September, 1944, plaintiff moved in her separation action to enjoin defendant from prosecuting the Nevada divorce action. The motion papers were served upon the defendant's attorney after defendant's Nevada residence became · complete. Special Term granted the motion. Under subdivision 1 of section 878 of the Civil Practice Act an injunction order may be granted where it appears that a defendant, during the pendency of the action, is about to do something which will render the judgment ineffectual. In this action the New York court has jurisdiction of the defendant personally as well as of the marital status of the parties, who were married in the State of New York and both of whom were domiciled in the State of New York at the time of the commencement of the action. Under these circumstances the defendant cannot deprive this court of jurisdiction by removing from the State. We are not called upon to decide the validity in New York of the Nevada divorce should one be granted. Sufficient for this decision is the fact that the defendant is attempting to render the judgment of separation ineffectual. Motion for stay denied, without costs. Order affirmed, with twenty-five dollars costs and disbursements. All concur. [See post, p. 1076.]