Appeal by defendant from an order denying her motion to dismiss, for want of jurisdiction, the complaint in an action for separation, and for an injunction. Order affirmed, without costs. The summons and complaint were served upon appellant pursuant to section 235 of the Civil Practice Act. Appellant appeared specially to challenge the court’s jurisdiction. The Special Term denied the motion to dismiss the complaint in respect of both causes of action. The court has undoubted jurisdiction in respect of the separation action. (May v. May, 233 App. Div. 519.) The appellant, in effect, so concedes. She presses her appeal only in respect of the cause of action seeking injunctive relief. If there be jurisdiction in respect of one of the causes of action pleaded, a motion to dismiss the complaint must be denied. (Halstead v. General By, Signal Co., 268 App. Div. 1060, and cases cited therein; Pansmith v. Incorporated Village of Island Park, 271 App. Div. 841, and cases cited therein.) The question pressed may be academic now or when the case is reached for trial. (Davis v. Davis, 305 U. S. 32; Barber V. Barber, 323 U. S. 77.) We do not pass upon the sufficiency of the second cause of action. The decision in respect of that question, which would ordinarily be controlled by Bobinson v. Bobinson (254 App. Div. 696, affd. 279 N. Y. 582) and Goldstein v. Goldstein (283 N. Y. 146), may be affected, however, by considerations growing out of the later decisions relating to foreign decrees and the effect thereof (Palmer v. Palmer, 184 Mise. 291, 293; Palmer v. Palmer, 268 App. Div. 1010; Williams v. North Carolina, 317 U. S. 287, 297, 300; Williams v. North Carolina, 325 U. S. 226, 235, 237; Wolman V. Wolman', 182 Mise. 602; McDonald v. McDonald, 182 Mise. 1006) requiring greater solicitude for the protection of marital rights of citizens of New York. Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.