ALICE GARVIN, Respondent, *v.* GEORGE K. GARVIN, Appellant.

Argued November 27, 1950; decided January 18, 1951.

*Eli H. Bronstein* and *Henry G. Van Veen* for appellant. I. The jurisdiction of the courts of New York State over defendant has been obtained only in a separation action and the exercise of the court's jurisdiction is limited to matters incidental to or part of a separation action. Special Term in granting the motion for an injunction granted relief which was in excess of the jurisdiction to which defendant was subjected by the institution of the pending action. (*New York Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518; *Ex parte Indiana Transp. Co.,* 244 U. S. 456; *Reynolds* v. *Stockton,* 140 U. S. 254; *Smith* v. *Woolfolk,* 115 U. S. 143; *Long* v. *Long,* 196 Misc. 982; *Fox* v. *Fox,* 263 N. Y. 68; *Ravaud* v. *Ravaud,* 273 App. Div. 507, 298 N. Y. 744.) II. The jurisdiction of the courts of this State, having been obtained only in a separation action, is limited to determining those matters which are relevant or incidental thereto. The orders of Special Term, having granted relief which was neither necessary to aid plaintiff in the prosecution of her action nor in the protection of her marital status, are improper orders and must be reversed. (*Palmer* v. *Palmer,* 268 App. Div. 1010; *McDonald* v. *McDonald,* 182 Misc. 1006; *Goldstein* v. *Goldstein,* 283 N. Y. 146; *Williams* v. *North Carolina,* 317 U. S. 287; *Pereira* v. *Pereira,* 272 App. Div. 281; *Gaskell* v. *Gaskell,* 189 Misc. 504; *Newman* v. *Newman,* 181 Misc. 256; *Estin* v. *Estin,* 334 U. S. 541; *Evans* v. *Evans,* 273 App. Div. 895.)

*Albert I. Edelman* for respondent. I. Plaintiff was properly granted injunctive relief restraining defendant from proceeding, during the pendency of this action, with an action for divorce in the Virgin Islands. Defendant's acts threatened impairment of plaintiff's rights in her pending action and preclusion of the judgment of the court. (*Greenberg* v. *Greenberg,* 218 App. Div. 104; *Oltarsh* v. *Oltarsh,* 181 Misc. 255; *Adams* v. *Adams,* 180 Misc. 578; *Palmer* v. *Palmer,* 268 App. Div. 1010; *Williams* v. *North Carolina,* 317 U. S. 287; *Matter of Holmes,* 291 N. Y. 261; *Lawrence* v. *Lawrence,* 184 Misc. 515.) II. Plain-

tiff's rights which are entitled to protection under the court's order include her rights in her marital status as defendant's wife. (*Estin* v. *Estin,* 296 N. Y. 308, 334 U. S. 541.) III. The motion for an injunction was part of, and incidental to, plaintiff's pending separation action. The contention that the Supreme Court has lost jurisdiction over defendant is insupportable. (*Pereira* v. *Pereira,* 272 App. Div. 281; *Palmer* v. *Palmer,* 268 App. Div. 1010.) IV. The prima facie showing that defendant's alleged residence in the Virgin Islands was sham, upon which the second question certified to this court is based, emphasizes the propriety of the orders below.

DESMOND, J. This is a separation action brought by wife against husband. The appeal, by permission of the Appellate Division, First Department (which certified questions to us), is from a unanimous order of that court, which affirmed an order made at Special Term, which order enjoined defendant husband, during the pendency of this separation action, and until entry of final judgment herein, from proceeding with the prosecution of an action for divorce which the husband has instituted against the wife in the Virgin Islands, and from instituting or prosecuting, in the Virgin Islands or elsewhere outside this State, any action affecting the marital status of the parties. In granting plaintiff's motion and denying a cross motion (made by defendant husband appearing " specially " although he had already appeared generally in the action) to strike the injunction motion from the calendar, the Justice at Special Term, noting that defendant had appeared generally in this separation action and had then left this State and allegedly become a resident of the Virgin Islands, stated that the Virgin Islands action " would impair plaintiff's right in the present action " and that plaintiff properly sought an injunction " to protect her rights therein as an incident to that action ", citing *Pereira* v. *Pereira* (272 App. Div. 281) and *Palmer* v. *Palmer* (268 App. Div. 1010).

The complaint, verified in October, 1949, alleges the marriage of the parties, that both have been, and are, residents of this State, that since 1941 defendant has spent much time away from home in company with another woman and has on many occasions asked plaintiff to give defendant a divorce so he might

marry the other woman, which request plaintiff refused, that in October, 1948, defendant abandoned plaintiff and left their New York City residence, announcing his intention not to return, that defendant since a stated date has entirely failed to support plaintiff, that plaintiff has no means of support except small wages from temporary employment and is living on the bounty of her sister, that defendant is a partner in a New York stock brokerage firm earning about $40,000 per year and owning valuable property and that until defendant's abandonment of plaintiff, the parties " lived in luxurious homes and in a very substantial manner." The complaint closes with the usual prayer for a judgment of separation, and for temporary and permanent alimony, and for counsel fees. The answer denies most of the allegations of the complaint except that it, in effect, admits that defendant abandoned plaintiff, but not without justification. Defendant's membership in the brokerage firm is admitted by the answer, as is the allegation of the complaint that the parties have resided since marriage and, as of the date of the complaint, still reside in New York State. The answer consents to judgment of separation, prays that alimony be fixed in amount consonant with defendant's means and prays that all other relief requested by the complaint be denied.

Plaintiff's motion for an injunction was made in April, 1950, about five months after issue had been joined. In her moving affidavit she repeats some of the allegations of the complaint, alleges that, over her husband's objection she had been granted temporary alimony of $75 per week which had been paid, that thereafter her husband's attorney had proposed a permanent " financial arrangement " for her support, which she had refused as not affording her sufficient security, that plaintiff's attorney had then put this action on the calendar where it is awaiting trial (and will not be reached for some months, counsel told us on the argument), that in April, 1950, plaintiff was informed by a friend that defendant husband had left for the Virgin Islands four weeks before; that plaintiff's attorney, making inquiries, was informed by defendant's attorney that such was the fact and that defendant had discussed with defendant's attorney a possible Virgin Islands divorce, against which defendant's attorney had advised defendant

because of probable invalidity, and that plaintiff's attorney believed defendant had gone to the Islands to get a divorce. The moving affidavit for an injunction goes on to state plaintiff's belief that her husband's stay in the Islands is temporary only, for divorce purposes, and that any alleged residence there is a sham; wherefore, plaintiff asks that any such divorce suit be enjoined because of the harmful effect on her rights, including the burden that would be hers of proving the invalidity of any such divorce, if obtained. Plaintiff's attorney filed an affidavit in support of the motion, in which he confirmed his client's statement. Later, plaintiff filed a supplemental affidavit in which she stated that, on April 25, 1950, at her home in Larchmont, N. Y., she had been served with the summons and complaint in an action for divorce brought by her husband against her in the District Court of the Virgin Islands.

The husband made no affidavit in opposition to the injunction motion but his attorney did. The attorney's affidavit says that defendant has been a resident of the Virgin Islands since March 4, 1950 (a purely conclusory and hearsay statement, it would seem). This affidavit points out (and it is the fact, of course) that plaintiff's complaint in this separation action contains no prayer for an injunction (obviously because at that time she had no advance information of his impending trip to the Islands and of the purpose thereof). Defendant's attorney argues, in that opposing affidavit, that this motion for an injunction seeks relief which is not incidental to the issues in a separation action, and that defendant's general appearance in this separation action did not give the court jurisdiction to entertain such a motion. He agrees that if the motion for injunctive relief were really a valid part of the separation action, service of the summons on defendant would give the court jurisdiction to issue an injunction, on a proper factual showing.

The whole argument of appellant in this court is based on his contention that injunctive relief is not properly incidental to, or necessary in, this separation action. We do not think that position is well taken. Back in the days when *Haddock* v. *Haddock* (201 U. S. 562) made void foreign judgments of the kind being attempted here, our court held in *Goldstein* v. *Goldstein* (283 N. Y. 146), relying on the *Haddock* rule, that such

injunctive relief was unnecessary for the protection of the rights and interests of the spouse who, staying at home and refusing to appear in the foreign suit, could not be bound thereby anyhow, under the *Haddock* rule. But all this has gone by the board since *Williams* v. *North Carolina* (317 U. S. 287, 325 U. S. 226) which held that a divorce decree granted by a State to one of its domiciliaries is entitled to full faith and credit in another State, even though there was no personal service of the divorce papers, and that the finding by the foreign State of domicile there is entitled to prima facie weight but is not conclusive in the sister State, and may be relitigated in the latter (see Supreme Court's analysis of its *Williams* decisions in *Estin* v. *Estin*, 334 U. S. 541, 543).

Accordingly, in the two decisions cited by the Special Term here, the First Department (*Pereira* v. *Pereira*, 272 App. Div. 281, *supra*) and Third Department (*Palmer* v. *Palmer*, 268 App. Div. 1010, *supra*) both have held that, when a wife sues for separation and the husband goes to another jurisdiction and attempts there to get a divorce without appearance by the wife, there is ground and necessity for intervention by our courts of equity in favor of the wife and for her protection, by injunction. As the First Department said in the *Pereira case* (*supra*, p. 288) : " Certainly there is every reason for a wife in plaintiff's position to fear the result of a foreign divorce proceeding prosecuted by the husband." (The *Pereira* case was a separate suit for an injunction, commenced when, after bringing contempt proceedings after a separation judgment, the wife learned the husband had gone to Nevada for a divorce; in the *Palmer* case the situation was just like ours in the present case.) The bases for plaintiff's fear are the " full faith and credit " and " prima facie weight " holdings of *Williams* v. *North Carolina* (*supra*). If the husband be allowed to prosecute his foreign suit to judgment, the wife, to save her rights as wife, will have to bring a new suit to set aside the foreign decree and in that suit will have to bear the heavy burden of striking down the prima facie effect of the foreign court's finding of residence.

Much is said in appellant's brief about *Estin* v. *Estin* (296 N. Y. 308, affd. 334 U. S. 541). But *Estin* v. *Estin* does not control this case. There the Nevada divorce's validity was not

in question but only the issue as to whether it had destroyed the wife's rights to alimony under an earlier New York separation judgment. It is not at all in point here, as the Appellate Division pointed out in the *Pereira* decision (272 App. Div., p. 288, *supra*).

Both parties cite, besides *Pereira* v. *Pereira* and *Palmer* v. *Palmer* (*supra*) numerous lower court decisions, to which it is unnecessary to refer. Defendant argues also from the language of section 878 of the Civil Practice Act which authorizes, in subdivision 1, an injunction where, during the pendency of an action, it appears that the defendant " is doing or procuring or suffering to be done, or threatens, or is about to do, or to procure or suffer to be done, an act in violation of the plaintiff's rights respecting the subject of the action and tending to render the judgment ineffectual ". We do not see what comfort defendant can get from that, since the language authorizes an injunction in just such a situation as this.

Both parties seem to assume that *Williams* v. *North Carolina* (*supra*) and its requirements as to " full faith and credit " cover Virgin Islands judgments, although the Virgin Islands are not a " State " but " an insular possession of the United States " (see U. S. Code, tit. 48, § 1405 *et seq.*), the courts thereof being United States courts. We agree that " full faith and credit " under the Constitution, must be given to the courts of our territories and possessions as well as of our States, and must be given to the judgments of all Federal courts (see U. S. Code, tit. 28, § 1738; *Alaska Packers Assn.* v. *Industrial Accident Comm.*, 294 U. S. 532, 546; *Stoll* v. *Gottlieb*, 305 U. S. 165, 170).

We attach no importance to the filing by defendant, when opposing the motion for an injunction, of a notice of " special appearance ". He had already appeared generally in the action, and the notice of motion had been properly served on his attorney (see Civ. Prac. Act, §§ 163, 878, subd. 1).

The order should be affirmed, with costs, and both certified questions answered in the affirmative.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed, etc.