CLARA HAMMER, Appellant, *v.* GEORGE HAMMER, Respondent.

First Department, June 26, 1951.

*Alexander J. Lekus* for appellant.

*William A. Hyman* attorney (*Harold W. Hyman* with him on the brief), for respondent.

Dore, J.  Plaintiff wife appeals from order of Special Term denying her motion for a temporary injunction restraining defendant husband from proceeding in a Florida divorce action pending determination of the issues in this action by the wife to protect the marital status.

The parties were married in the city and State of New York on March 22, 1913, and they lived together in New York as man and wife until June, 1947, when plaintiff alleges defendant abandoned her and thereafter lived apart from her in the county of New York.  A prior separation action brought in this State by the wife against the husband was settled during trial by a separation agreement in which defendant agreed to pay plaintiff $10,000 and in addition $110 weekly for her support and maintenance.

On February 23, 1951, defendant commenced an action for divorce in Florida and purported to serve plaintiff by mail; the summons and complaint in that action were never served upon her personally.  The complaint in the Florida divorce action, made a part of the papers before this court, seeks a divorce for cruel treatment consisting of alleged berating and nagging of the husband by the wife and alleges that it commenced " approximately thirty  *  *  *  years ago ".  He says he was forced to leave the family home in June, 1950; thereafter the parties were reconciled but the wife thereafter repeated the same course of conduct.  In the Florida ·" Bill of Complaint for Divorce " the husband makes the usual allegation that he was a bona fide resident of Florida for more than ninety days immediately preceding the filing of the complaint.

The wife shows that the husband is and remains a part owner of a substantial business in the city of New York and has his personal bank account in New York from which he issues checks in New York; she alleges that he went to Florida and returns there solely for the purpose of prosecuting the Florida divorce, and has sent emissaries to the wife asking her to give him a divorce; that he is anxious to marry another woman and live with her in the State of New York; and that he seeks to accomplish all this by circumventing the divorce laws of this State.

Pending this appeal, this court granted the wife a stay restraining the husband from proceeding in the Florida divorce action.

The parties were married in New York and have lived here as man and wife for about thirty-five years and raised four children, now adults.

Special Term denied the motion for a temporary injunction because, the court said, the suit was not brought in aid of any pending separation action between the parties or upon or in aid of any judgment of separation or other matrimonial status. In this the court was in error. Clearly this action is to protect the matrimonial status of the wife of a marriage in which the State of New York was the domicile of the marriage and for thirty-five years the matrimonial domicile, and also to protect plaintiff's rights under the separation agreement made in New York in the course of a separation action brought in this State. In the state of facts disclosed the Supreme Court of the State of New York as a court of equity has the power to enjoin a foreign suit for divorce against a resident of this State (*Garvin* v. *Garvin*, 302 N. Y. 96; *Pereira* v. *Pereira*, 272 App. Div. 281; *Palmer* v. *Palmer*, 268 App. Div. 1010; *Greenberg* v. *Greenberg*, 218 App. Div. 104).

The husband alleges no valid ground for divorce against his wife in this State where both parties have lived as man and wife for a generation.

There is sufficient and immediate necessity for equitable intervention to protect the marital status of the wife domiciled in New York. If the court does not act, irreparable harm may be caused to the domiciliary party who is invoking protection of the court. The question of the husband's good faith should be litigated in this State.

This is not a case of a threatened foreign divorce action. The Florida action has been commenced and is pending there, and unless this injunction is immediately granted, plaintiff's marital status and her rights may be irreparably injured before this case can be tried here if defendant obtains a Florida divorce and remarries.

Plaintiff cannot comfortably rest upon the assumption that the Florida divorce action will not affect her rights under the New York separation agreement. While it is true that a default decree rendered without the Florida court having jurisdiction over the plaintiff would not legally alter her rights under the separation agreement (*Estin* v. *Estin*, 334 U. S. 541), plaintiff is nevertheless placed in a dilemma. She may ignore the Florida action and watch her marital status dissolve, with what practical prejudice we do not know, reserving what may prove to be an entirely illusory right to challenge the decree collaterally in this State on jurisdictional grounds. Or, if she wishes to contest the action, she must assume the burden and expense of betaking herself to Florida, and placing at the mercy of a

foreign court not only her marital status but her right to support, including her rights under the New York separation agreement (*Lynn* v. *Lynn*, 302 N. Y. 193).

While we agree with the observation of the dissenting Justices that if the domicile of the defendant has actually been removed to Florida our courts may not interfere with his prosecution of a divorce action there, and likewise agree with their statement that respect for the courts of other States requires that interference should be only upon a clear showing of facts justifying it, it must also be noted that in granting a temporary injunction we merely maintain the *status quo* until the *bona fides* of the husband's alleged Florida domicile is determined. We no more than hold that the showing so far made entitles plaintiff to a trial of the issue before the Florida action is prosecuted. As any decree of the Florida court must rest upon the jurisdictional base of the defendant's domicile, and that jurisdictional issue would be subject to the judicial consideration of our courts after the event, we think it even more appropriate that under the circumstances here our trial court should take up the issue of domicile in advance.

The order appealed from should be reversed, with $20 costs and disbursements to plaintiff-appellant, and plaintiff's motion for a temporary injunction should be granted enjoining defendant from proceeding in the Florida action.

VAN VOORHIS, J. (dissenting). Regardless of whether plaintiff could only obtain an injunction restraining defendant from prosecuting a Florida divorce action in aid of a pending separation action or decree obtained in this State, an injunction *pendente lite* is granted only where the affidavits establish that the right to it is clear. Plaintiff's unsupported affidavit is largely conclusory that defendant's domicile in Florida is sham. On the other hand, he has shown numerous facts tending to show that he has transferred his domicile to that State. Although it has been held that an injunction suit will lie under certain circumstances to prevent the maintenance of a matrimonial action in a sister State (*Pereira* v. *Pereira*, 272 App. Div. 281; *Garvin* v. *Garvin*, 302 N. Y. 96), respect for the courts of other States requires that such relief should only be granted upon a clear showing of facts justifying it. If the domicile of one of the parties has actually been removed to the other State, our courts are not to interfere (*Williams* v. *North Carolina*, 317 U. S. 287). It should be noted that in this case defendant has not sued in Florida as a maneuver to prevent plaintiff from

obtaining a New York separation decree that would give her rights protected under *Estin* v. *Estin* (334 U. S. 541). No separation action is pending, and plaintiff is protected by a separation agreement that will survive a divorce (*Galusha* v. *Galusha*, 116 N. Y. 635), unless it is superseded by support provisions in her favor in a divorce decree (*Rennie* v. *Rennie*, 287 N. Y. 86).

Plaintiff in her complaint seeks judgment not only restraining defendant from taking any further proceedings in the divorce action now pending in Florida, but also from bringing or carrying on in the future in any State other than New York any action affecting the marital status of the parties. This is an indication that the object of the injunction is to exalt the public policy of New York State over that of the other States, without real relation to whether the defendant establishes a bona fide domicile elsewhere than in New York State.

The order appealed from denying plaintiff's application for an injunction *pendente lite* should be affirmed.

PECK, P. J., and CALLAHAN, J., concur with DORE, J.; VAN VOORHIS, J., dissents and votes to affirm, in opinion in which COHN, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant, and plaintiff's motion for a temporary injunction granted enjoining defendant from proceeding in the Florida action. Settle order on notice. [See *post*, p. 940; 279 App. Div. 577.]