L. Barron Hill, J.
This is a separation action wherein plaintiff husband seeks an order under subdivision 1 of section 878 of the Civil Practice Act, “ for a permanent injunction enjoining and restraining the defendant from all further proceedings in the action for a divorce brought by her against the plaintiff in the State of Florida and from instituting or prosecuting any other action affecting the marital status of the parties hereto in the courts of any jurisdiction other than the State of New York”.
Plaintiff commenced this action in this State for a separation on the ground of abandonment. The summons and complaint were served personally on defendant wife on May 1, 1957 in Florida. The wife appeared generally in this action and answered the complaint. Her answer denies that she was a resident of New York, admits she resides in Florida and demands judgment dismissing the complaint and that she be awarded custody of the infant issue and adequate support for them.
*527 Defendant moved this court for an award of temporary alimony and counsel fee resulting in an order of August 9, 1957 awarding her $20 a week maintenance for her children and reserving counsel fee for the trial court.
On or about September 11, 1957 defendant commenced an action against plaintiff for divorce in the State of Florida for cruel and inhuman treatment. The answer in that action is due on October 16, 1957.
Relying on Palmer v. Palmer (268 App. Div. 1010) plaintiff made this motion by notice of motion served on defendant’s attorney. In opposition to the motion defendant and her attorney, by affidavits, set. forth that she is, in fact, a bona fide resident of Florida and, hence, is entitled to maintain her action in that State for a divorce. Defendant cites McDonald v. McDonald (182 Misc. 1006) holding on the record there, that it was improper to grant an injunction where the defendant was conclusively a bona'fide resident of the foreign jurisdiction.
In behalf of the motion, plaintiff has attached purported copies of letters written by defendant to her son. (It appears that the son who visited with his father during the summer declined to return to Florida until defendant came here on or about September 7, 1957, at which time the son returned with her to ■ Florida.) Portions of the letters support plaintiff’s claim that defendant is in Florida only for the purpose of procuring a divorce.
Whether or not these inferences are correct or portray the true situation, I believe, is immaterial. In Garvin v. Garvin (302 N. Y. 96) the Court of Appeals sustained an injunction in an action of this type where the defendant husband sought to obtain a Virgin Islands divorce. I believe that this plaintiff husband is entitled to the same protection, i.e., a restraint of defendant pending the determination of the issues and entry of judgment in this action.
Certainly this court could not hope to permanently restrain this defendant from seeking relief in any sister State where she is a bona fide resident. But where, as here, this court has jurisdiction of the subject matter and of the parties, the defendant will be enjoined pending the determination and judgment in the action from proceeding in Florida with an action involving the same subject matter, viz., the status of the marriage of the parties. If plaintiff is successful in this action, he should have the benefit of pleading the decree in any subsequent litigation between the parties; if he is unsuccessful, defendant will be free to pursue any form of relief she believes herself entitled *528 to in any other jurisdiction. The rationale of Garvin v. Garvin (supra, p. 102) demonstrates why she should be restrained during the pendency of this action.
Motion granted to the extent of enjoining defendant from proceeding in the Florida action pending the determination of this action and entry of final judgment therein.
Settle order.