William B. Groat, J.
In an action for separation and for other relief plaintiff moves for a temporary injunction restraining the defendant husband from proceeding with an action for divorce he instituted against her in the city of Juarez, Chihuahua, Mexico, “ notice ” of which is claimed to have been served on February 27,1958, by leaving same with her daughter, 13 years of age.
While no opposing affidavits have been submitted, the defendant appeared by attorneys who submitted a memorandum of law in which it is urged that a temporary injunction may not be granted unless there is an action pending demanding permanent injunctive relief; that, in any event, such relief is unavailable where, as here, the spouse seeking the divorce has instituted an action therefor in a foreign country, as distinguished from a sister State whose decrees must be given effect under the Full Faith and Credit Clause of the United States Constitution (U. S. Const., art. IV, § 1; U. S. Code, tit. 28, § 1738).
This court is of the opinion that a temporary injunction to restrain the prosecution of an action for divorce pending in another jurisdiction is not only available to the plaintiff in an action in which a permanent injunction is sought (Hammer v. Hammer, 278 App. Div. 396, affd. 303 N. Y. 481), but also in *256 aid of a pending separation action between the parties or upon or in aid of any judgment of separation or other matrimonial status. (Garvin v. Garvin, 302 N. Y. 96, 101-102; Civ. Prac. Act, § 878.) Nevertheless, the court is constrained to deny this motion on the authority of Rosenbaum v. Rosenbaum (309 N. Y. 371).
Before the decision in Williams v. North Carolina (317 U. S. 287), in which the United States Supreme Court held that divorce decrees obtained in sister States were entitled to full faith and credit under the United States Constitution, the courts of this State would not enjoin actions for divorce brought outside this State. (Goldstein v. Goldstein, 283 N. Y. 146.) Since the decision in Williams, our Court of Appeals has held that injunction should issue to restrain divorce actions, the judgment in which would be entitled to full faith and credit. (Garvin v. Garvin, 302 N. Y. 96.) Our Court of Appeals, however, has refused to relax the rule in Goldstein with respect to divorce actions commenced in foreign countries and continues to deny such relief because the validity of the resulting decrees is beyond the scope of the Full Faith and Credit Clause of the Constitution. (Rosenbaum v. Rosenbaum, supra.) The court held in that case that an attempt to prosecute a divorce in a foreign country whose decree “would not be entitled to ‘ full faith and credit ’ in this State ’ ’ presented 6 ‘ precisely the situation * * * faced with respect to sister State divorces as they were regarded prior to the Williams case ” and what the court had decided, under these circumstances in Goldstein continues to be controlling with respect to foreign country actions. (Rosenbaum v. Rosenbaum, supra, pp. 376-377; see, also, Borax v. Borax, 136 N. Y. S. 2d 164.)
Accordingly, the motion is denied.
Settle order.