(March 6, 1962)

SUSAN L. ROSENSTIEL, Appellant, v. LEWIS S. ROSENSTIEL, Respondent.

*Per Curiam.* Plaintiff wife in this action for a permanent injunction seeks to enjoin, *pendente lite,* the prosecution by defendant husband of a divorce action in Connecticut, the husband's alleged domicile since 1936. Special Term in a well-reasoned opinion detailed the applicable law and relevant facts. The wife's motion was denied and she appealed.

The husband, a wealthy man, is 70 years of age and this, his fourth marriage, occurred when he was 65 years old. The wife is 30 years younger, and had been divorced in Mexico, two years before the present marriage in 1956. They physically separated in 1960. There are no children.

For the most part, it suffices to rest upon the opinion of Mr. Justice GREENBERG at Special Term (32 Misc 2d 543).

It may be added, however, since the granting of a temporary injunction is discretionary, that discretion should not be exercised in a complex of facts where the indicators support the fact of Connecticut domicile as strongly as they do here. That there is a case for foreign domicile is no ground for enjoining litigation there. On the contrary, it is the absence of foreign domicile that is the basis for enjoining a New York domiciliary. Domicile is a matter of intention and if the intention is real and not falsified, the

coexisting fact of other residences is immaterial (Restatement, Conflict of Laws, §§ 18, 24 17 N. Y. Jur., Domicil and Residence, § 6). Nor is the motive for intentional fixing of domicile significant so long as the intended domicile is genuinely implemented (*Matter of Newcomb*, 192 N. Y. 238, 250–251; Restatement, Conflict of Laws, § 22). The husband concededly claimed Connecticut as his domicile for voting, taxation, licensing and other purposes for 20 years prior to the instant marriage.

Moreover, the neighboring State of Connecticut in this case is not a choice of domicile newly made for purposes of matrimonial litigation — often an occasion for enjoining the husband who leaves the State and all his affairs solely for the purpose of avoiding his matrimonial obligations. Here, throughout the marriage, before separating, each of the parties used the Connecticut estate as the marital residence for occupancy and as the home of record. It is therefore no inordinate burden for the wife to defend the action in Connecticut. To top it off, the wife is quite free to dispute the fact of domicile in the Connecticut courts, and those courts are, prima facie, the proper ones to determine the issue, Connecticut being the husband's domicile of record for a quarter of a century and the wife's domicile of record all during the marriage.

In exercising its discretion the court should recognize that in cases like this the wife's litigation in New York is often not so much to protect her matrimonial status as to strengthen her money demands at the bargaining table.

Accordingly, the order denying plaintiff's motion for a temporary injunction should be affirmed in all respects, with costs to defendant-respondent.

MCNALLY, J. (dissenting). I dissent and vote to reverse the order and grant the motion so that the *status quo* would be maintained until the *bona fides* of the husband's claimed Connecticut domicile is determined. In so doing I would hold that on the showing so far made plaintiff is entitled to a trial of that issue before the Connecticut action is prosecuted. (*Texas* v. *Florida*, 306 U. S. 398; *Hammer* v. *Hammer*, 278 App. Div. 396, affd. 303 N. Y. 481; *Garvin* v. *Garvin*, 302 N. Y. 96.) (See, also, *Rosenbaum* v. *Rosenbaum* [309 N. Y. 371], where, although injunctive relief was denied because the Federal constitutional full faith and credit clause did not apply, the court emphasized the greater need for an injunction in cases such as the one at bar where there is a factual basis tending to establish the validity of the alleged foreign domicile and thus guard the wife against the heavy burden of striking down the effect of a sister State holding.)

Special Term held the issue of domicile is one of fact to be "resolved only at a trial". This court affirms and in doing so finds it necessary to emphasize and adopt defendant's view of the facts. Therein is demonstrated the need for the injunction sought which, as I view the above authorities, is accentuated by the fact that defendant's claim of foreign domicile is not obvious sham.

A New York wife in respect of a New York marriage, apparently living there ever since, is entitled to the protection afforded by an injunction when confronted with a suit for a divorce in a sister State whose judgments are entitled to full faith and credit under the Federal Constitution. The necessity for the injunction is demonstrated by the application of the full faith and credit clause, the attack on the marital status on grounds not recognized in New York and the threat against plaintiff's rights under an antenuptial agreement dependent on the parties not being divorced or separated by decree or agreement.

The plaintiff made the necessary showing when an issue of fact appeared as to the defendant's domicile. The emphasis on the facts favoring the defendant carries with it the effect of an adverse adjudication without the

benefit of a trial on the merits, and unnecessarily exposes the plaintiff in a situation where the remedy of injunction was forged to offset the effect of the extension of full faith and credit to sister State judgments based on foreign residence of one of the parties.

Botein, P. J., Breitel, Valente and Eager, JJ., concur in *Per Curiam* opinion; McNally, J., dissents in opinion.

Order, entered on January 5, 1962, affirmed with $20 costs and disbursements to the respondent.