Charles A. Loreto, J.
Motion by plaintiff for a temporary injunction. Cross motion by defendant, appearing specially, to vacate the summons and complaint on jurisdictional grounds.
Plaintiff husband sues for separation and for an injunction restraining his wife from prosecuting an action for divorce against him in the State of Connecticut.
He moves for a temporary restraining order against her prosecution of the Connecticut divorce action. She separately moves to set aside the service of the summons in this action made upon her in Connecticut.
The parties were married in Connecticut in February, 1960. He alleges that from the time of their marriage until April 21, 1963 when she abandoned him, they resided together as husband and wife in County of Bronx, State of New York. The separation suit is based upon the charge of abandonment.
A wife may not acquire a different domicile from that of her husband by abandoning him without justification (Hunt v. Hunt, 72 N. Y. 217).
*259 However, under the Connecticut statutes its Superior Court has jurisdiction to entertain a divorce action: if ‘6 the plaintiff was domiciled in this state at the time of the marriage and before instituting the complaint returned to this state with the intention of permanently remaining.” (Conn. Gen. Stat. [1958 Rev.], § 46-15.)
Undoubtedly, the question whether the wife returned to Connecticut “ with intention of permanently remaining ” there can be properly resolved by the Superior Court of Connecticut.
On the other hand, the question whether the wife under the laws of New York by virtue of her abandonment of her husband could not acquire another domicile for herself and their minor children, properly is a question of this court to resolve.
Whether or not this court should entertain the injunction phase of the husband’s suit, it has complete jurisdiction of his separation action by reason of his residence and, therefore, the service of the summons and complaint effected upon his wife without the State of New York was valid. (Garvin v. Garvin, 302 N. Y. 96; Palmer v. Palmer, 268 App. Div. 1010; Hammer v. Hammer, 278 App. Div. 396, affd. 303 N. Y. 481.)
Also, prima facie upon the affidavits submitted, the wife admitting that she resided with her husband from the time of their marriage, until April, 1963 in New York, it would appear that she had no right to acquire another domicile upon her abandonment of him. The issue of abandonment without justification should be resolved in this court first before she may continue with her out-of-State divorce suit against bim,
She may in good faith evince an intent to reside permanently in Connecticut. This would confer jurisdiction to the courts of that State to entertain her divorce suit. Nonetheless, the fact of her residence in New York with her husband up to the time she left him, insofar as his rights are concerned under the laws of New York over the marital res, deprives her of the right to defeat or impair his exercise of such a right to his separation suit. This would be the result if she were to prosecute her divorce suit successfully to completion before the separation suit is tried and determined.
The wife’s motion to vacate the service of the summons and complaint is denied, and the husband’s motion for a temporary injunction is granted.