■ MARILYN P. ZEITLAN, Appellant-Respondent, v. HARRY ZEITLAN, Respondent-Appellant.— Two orders of the Supreme Court, Queens County, made on reargument and dated December 6, 1966 and December 12, 1966, respectively, affirmed insofar as appealed from, without costs. Appeals from two orders of said court, dated October 13, 1966, dismissed, without costs. Those orders were superseded by the above-mentioned two orders made on reargument. In this separation action, the principal questions presented on

these appeals involve the amount of temporary alimony, if any, which should be awarded plaintiff and the sufficiency of certain defenses and counterclaims asserted by defendant. The Special Term dismissed defenses and a counterclaim based on the alleged invalidity of a Florida divorce obtained by plaintiff from her former husband, but denied plaintiff's motion to dismiss defenses and a counterclaim alleging the invalidity of a Mexican divorce obtained by defendant from his former wife. In our opinion, those determinations were correct. The Florida decree was rendered on the personal appearance of both parties to the Florida action; and defendant may not attack the judgment collaterally, either on the ground that those parties were not residents of that State or that it was obtained through fraud (*Johnson* v. *Muelberger*, 340 U. S. 581; *Ruger* v. *Heckel*, 85 N. Y. 483). However, defendant was not estopped to deny the validity of the Mexican divorce which he had procured; in the action in Mexico his former wife had not been served with process in that jurisdiction and had not appeared (*Marum* v. *Marum*, 8 A D 2d 975; cf. *Alfaro* v. *Alfaro*, 5 A D 2d 770, affd. 7 N Y 2d 949). Summary judgment, however, was properly denied defendant on his counterclaim for a judgment declaring the invalidity of the Mexican decree. While defendant is not estopped to show its invalidity merely because he procured it, a triable issue of fact exists as to whether plaintiff was induced to marry defendant by reason of his fraudulent representations that the decree was valid and whether he should therefore now be estopped to assert its invalidity (*Frankiel* v. *Frankiel*, 23 A D 2d 770). Moreover, a declaratory judgment may not be rendered in the absence of defendant's former wife, who is an indispensable party and must be joined to permit an effective determination of the controversy (*Williams* v. *Williams*, 17 A D 2d 958; *Cominos* v. *Cominos*, 23 A D 2d 769). We are also of the opinion that the award of temporary alimony of $75 per week, in addition to the payment by defendant of the rent and utilities of the apartment occupied by the parties and the tuition and other school charges for the child, should not be disturbed (cf. *Frank* v. *Frank*, 26 A D 2d 837); and that exclusive possession of the apartment by plaintiff should not be directed at this time (cf. *Ross* v. *Ross*, 24 A D 2d 125). We repeat what has been frequently stated before — " the remedy for any seeming inequity in a direction for payment of temporary alimony based on conflicting affidavits is a speedy trial where the true facts as to the finances and standard of living of the parties can be ascertained, and plaintiff's right to alimony can be finally determined" (*Orenstein* v. *Orenstein*, 24 A D 2d 753). We again note that the award of temporary alimony, " based as it is on conflicting affidavits, 'should have no effect upon the Trial Judge in his determinations as to whether permanent alimony should be awarded and the amount thereof, if awarded'" (*Frank* v. *Frank*, *supra*). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.