■ YOCHEVED SIEV, Respondent, v. LEON SIEV, Appellant.— Appeal by defendant from two orders of Supreme Court, Kings County, the first dated September 19, 1969, which granted plaintiff's motion for a preliminary injunction enjoining defendant from prosecuting a divorce action in Florida, and the second, dated October 28, 1969, which denied defendant's motion to vacate the first order. *Order dated September 19, 1969 reversed, without costs, and plaintiff's motion denied. Appeal from the order dated October 28, 1969 dismissed as moot, in view of the disposition herein upon the appeal from the order of September 19, 1969, without costs.* In September, 1966 defendant husband left his New York home and went to Florida. He invested money in two corporations owning two hotels in Miami Beach, Florida. Since September, 1968 he has been

living in Florida and devoting all of his time to the management of one of the hotels. Subsequently, plaintiff wife commenced a separation action in the Supreme Court, Kings County. In June, 1969 she was granted a judgment of separation on the grounds of abandonment. In August, 1969 the husband commenced a divorce action in Florida. In September, 1969, the wife obtained the first order appealed from, granting her a preliminary injunction, restraining the husband from prosecuting the Florida divorce action. A summons and complaint in an action for a permanent injunction were not included in the motion papers. In October, 1969, Special Term made the second order appealed from, declining to grant the husband's motion to vacate the preliminary injunction. There is nothing in this record to indicate that the husband was served with a summons and verified complaint in the State of New York in an action for a permanent injunction. However, if the husband was served, the service would have been effected on him in Florida. The only issue raised is whether the husband was a domiciliary of the State of New York at the time the personal service of process in the action was effected upon him in Florida. If he was not, it would follow that in personam jurisdiction over him was not obtained and that the injunction was incorrectly granted. We find there is no evidence in the record to establish that, at the time he was served with process in Florida, the husband was a New York resident or domiciliary. He left New York in 1966; he invested sums of money in corporations owning hotels in Florida; he has been living and working in Florida since September, 1968; he has not maintained a residence in New York State since September, 1968; his major investments are in Florida; he pays taxes and votes in Florida; and he intends to remain in Florida. Under such circumstances we .hold that, at the time of service of process upon him in Florida, the husband was not a domiciliary of New York. Thus the New York court never acquired jurisdiction in personam over him and the order granting the injunction was erroneously made. Further, the injunction should not have been granted because a plenary action for a permanent injunction had not been commenced at the time plaintiff's motion was granted (cf. CPLR 6301, 6311). Christ, P. J., Rabin, Hopkins, Brennan and Benjamin, JJ., concur.