**Ana FARIAS, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-TION AND WELFARE,**
**Defendant.**

**Civ. No. 154–73.**

United States District Court,
D. Puerto Rico.

Jan. 20, 1975.

Olga Cruz Jimenez de Nigaglioni, Rio Piedras, P. R., for plaintiff.

Ignacio Rivera Cordero, San Juan, P. R., for defendant.

### OPINION

ALDRICH,* Senior Circuit Judge.

The sole question in this case is whether Ana, the hitherto unsuccessful claimant, or Amelia, is the widow of Albert Farias for the purpose of obtaining

* Sitting as District Judge for the District of Puerto Rico by designation.

widow's insurance benefits under section 202(e) of the Social Security Act, as amended, 42 U.S.C. § 402(e). Albert married Amelia in New York in 1930. The couple separated in 1940, after which Albert began living with Ana in New York. In 1958 Albert, on what he conceded in a document later filed with the Social Security agency was a two-weeks' vacation, obtained a divorce in Mexico from Amelia, and there married Ana. The divorce certificate recites that Amelia was personally served in New York with notice of the divorce proceedings, giving the name of the process server, and in the aforesaid document filed by Albert with the agency he repeated this information. Albert and Ana lived together in New York until his death. Ana then moved to Puerto Rico and filed this claim. Concededly, New York law governs the issue of the validity of the Mexican decree. 42 U.S.C. § 416(h)(1)(A). This is not a case where Ana's good faith belief that she was lawfully married governs. 42 U.S.C. § 416(h)(1)(B).

■ I cannot too strongly criticize the hearing examiner for not resolving the question of fact which might terminate this case forthwith. After noting that the Mexican certificate recited service upon Amelia, and that Amelia testified that this was not the fact, the examiner stated that this denial placed the burden on Ana. Without resolving this question he then made a "finding" that the divorce decree "is not entitled to good faith and credit under New York law," without citing any decision of any New York court, and hence without suggesting upon what principle this finding was based. The fact that Amelia testified she did not receive the notification did not overcome the recitation in the decree and the insured's statement; the testimony must first be believed. *See, e. g.,* NLRB v. Local 176, United Bhd. of Carpenters, etc., 1 Cir., 1960, 276 F.2d 583, 584.

If the examiner had found that Amelia received no notice of the Mexican proceedings, no further question could arise. Williams v. North Carolina, 1942, 317 U.S. 287, 299, 63 S.Ct. 207, 87 L.Ed. 279, *cf.* Sherrer v. Sherrer, 1948, 334 U.S. 343, 348, 68 S.Ct. 1087, 92 L.Ed. 1429. Since he did not do this, and the question of fact remains open, I must consider whether under the law of New York the Mexican decree was invalid even if Amelia was served, it being conceded that she did not appear in the proceedings, either personally or by counsel.

■■ Strictly, it being a foreign divorce, the examiner erred in speaking of full faith and credit; the test is comity, Rosenbaum v. Rosenbaum, 1955, 309 N.Y. 371, 130 N.E.2d 902, and looks to domicile. Rosenstiel v. Rosenstiel, 1964, 21 A.D.2d 635, 253 N.Y.S.2d 206, aff'd 16 N.Y.2d 64, 262 N.Y.S.2d 86, 209 N.E.2d 709, cert. denied 384 U.S. 971, 86 S.Ct. 1861, 16 L.Ed.2d 682. However, at least where full faith and credit is involved, the decree must stand when the out-of-state party had had an opportunity to show the lack of petitioner's local domicile and failed to do so. Personal service is such an opportunity. Johnson v. Muelberger, 1951, 340 U.S. 581, 587, 71 S.Ct. 474, 95 L.Ed. 552. So far as the United States Constitution is concerned, however, a later case held that this means personal service within the divorce state. Sutton v. Leib, 1952, 342 U.S. 402, 408, 72 S.Ct. 398, 96 L.Ed. 448.

■ The law of New York with respect to foreign country divorces has not always been crystal clear. The latest cases, however, indicate agreement with the federal rule. Zeitlan v. Zeitlan, 1967, 27 A.D.2d 846, 278 N.Y.S.2d 86, aff'd, 31 A.D.2d 955, 298 N.Y.S.2d 816. *See* Garvin v. Garvin, 1951, 302 N.Y. 96, 96 N.E.2d 721. On this basis it was proper to look to whether Albert was in fact domiciled in Mexico. The examiner was clearly correct in answering this question in the negative, and concluding, accordingly, that Amelia is the lawful widow.

The complaint is dismissed.