■  DEANNA FRICHNER, Appellant-Respondent, v HERBERT FRICHNER, Respondent-Appellant.—Order, Supreme Court, New York County, entered September 14, 1975, which, *inter alia,* granted an award of unallocated support and maintenance to the wife and child of $200 per week and denied an award of counsel fees with leave to renew the application therefor before the trial court, modified, on the facts and in the exercise of discretion, to the extent of awarding $100 per week to the wife and $100 per week for support of the child, and awarding $1,500 counsel fees, and otherwise affirmed, without costs or disbursements. In the exercise of our discretion, we have modified the award as indicated. We have reviewed the other issues raised and found them to be without merit. Concur—Capozzoli, Lane, Nunez and Lynch, JJ.; Lupiano, J. P., dissents in part in the following memorandum: I am in accord with the majority determination in this matter, except insofar as it concludes that plaintiff is not entitled on this record to an injunction enjoining defendant from prosecuting his New Jersey divorce action. Since a divorce decree granted in an action instituted in a sister State is presumptively entitled to full faith and credit in this State, a spouse may be enjoined from prosecuting such an action *(Garvin v Garvin,* 302 NY 96). It is beyond cavil that the marriage of these parties has roots deeply embedded in New York. Indeed, as aptly observed in *Browne v Browne* (53 AD2d 134, 137-139): "[t]he State's abiding interest in those of the family unit who remain as domicilaries should not be cut off because a marital partner, for whatever reason, prefers another climate * * * Nonetheless, even assuming that defendant has established a Texas [in our case New Jersey] domicile, it is significant that the relief he seeks in his Texas suit is dissolution of the marriage, *precisely the same relief sought by plaintiff in New York.* While we recognize that a judgment of divorce in the Texas [in our case New Jersey] court may be entitled to full faith and credit in this State *(Williams v North Carolina,* 317 US 287), any attempt by the foreign State to adversely affect the rights of plaintiff to alimony and to custody and support for the children, will not be entitled to comity and will be ineffectual *(Vanderbilt v Vanderbilt,* 1 NY2d 342). The doctrine of 'divisible divorce' is firmly established in New York law *(Estin v Estin,* 296 NY 308, affd 334 US 541); 'a divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage' *(Lynn v Lynn,* 302 NY 193, 201, cert den 342 US 849). We cannot agree with defendant's claim, however, that since a Texas divorce will affect none of plaintiff's marital rights other than the marital *res,* she does not meet the test of CPLR 6301. A judgment of divorce in favor of defendant in Texas will clearly violate 'plaintiff's rights respecting the

subject of the action' and will tend to render her New York judgment 'ineffectual' (CPLR 6301). Indeed, such a Texas decree, if procured before disposition of this New York case, could result in the dismissal of so much of plaintiff's action as seeks a divorce (see *Faulk v Faulk*, 21 AD2d 967). * * * We acknowledge that plaintiff has not, in any way, asserted or argued that defendant's Texas residence or domicile is a sham or a fraud (see *Garvin v Garvin, supra*). Nor are we unaware of the reluctance of our courts to enjoin the prosecution of a divorce action in a sister State where a spouse has acquired a bona fide domicile in that State *(Hammer v Hammer,* 278 App Div 396, 399). *This is not a case,* however, where the plaintiff has not acquired personal jurisdiction over the defendant or where it was first necessary to institute a plenary action for permanent injunction (see *Siev v Siev,* 34 AD2d 1001); or *where the foreign State served throughout the marriage as the home of record of the parties and the plaintiff is using our courts to 'strengthen her money demands at the bargaining table'* (see *Rosenstiel v Rosenstiel,* 15 AD2d 880). This is a marriage in which New York courts have a vital interest. To enjoin the defendant from proceeding with his Texas [here New Jersey] action works no great hardship upon him. Since the foreign decree will affect only the marital status, it would be duplicitous to allow him to pursue in Texas the same goal he may affirmatively achieve here in response to plaintiff's suit." (Emphasis supplied.) Moreover, since the plaintiff has the burden of proving that a fraud was practiced on the New Jersey court in that the husband did not obtain a bona fide domicile there (28 ALR2d 1303), our courts will protect the wife against having that burden placed on her by enjoining the husband from obtaining a final decree of divorce on what appears to be a threatened fraud and which, while it may not cause irreparable damage, will cause real damage and impose a real burden on the wife. In *Pereira v Pereira* (272 App Div 281, 288), this court declared: "We find that * * * the question of defendant's good faith in establishing the Nevada domicile should be litigated in this State of matrimonial domicile rather than in the courts of the State of defendant's selection and now rather than later. At this time the court has jurisdiction over the persons of the parties to this action. It may not be able to obtain such jurisdiction at another time * * * Whatever may be the extraterritorial force and effect of a judgment rendered in this action for injunctive relief, it may well be that the findings made with respect to domicile of defendant or perhaps evidence adduced in relation to that question upon the trial of this action may have some bearing on the decision in the husband's action for divorce in the courts of Nevada." Plaintiff in the instant matter disputes whether defendant has established domicile in New Jersey and, indeed, argues with some force that defendant's choice of domicile is one newly made for purposes of matrimonial litigation. The circumstances delineated in the record impel recognition that the plaintiff is at the very least entitled to a trial of the issue of the husband's claimed New Jersey domicile before the New Jersey action is prosecuted *(Texas v Florida,* 306 US 398; *Hammer v Hammer,* 278 App Div 396; *Garvin v Garvin, supra*). Indeed, in *Rosenbaum v Rosenbaum* (309 NY 371, 374–375), the Court of Appeals recognized that where there is a factual basis tending to establish the validity of the alleged foreign domicile, the need for an injunction in cases such as the instant one is apparent to guard the wife against the heavy burden of striking down the effect of a sister-State holding. It must be again emphasized that defendant does not controvert plaintiff's assertion that he was born in New York and lived in New York prior to the parties' marriage; that the parties were married in New York

and continued to reside in New York; that after the parties separated, plaintiff (with the issue of the marriage) continued to reside in New York, and defendant resided in New York until recently (cf. *Rosenstiel v Rosenstiel, supra*). What the parties do contest, *inter alia,* is when defendant established a domicile in New Jersey, assuming he has established such domicile. In the complex of facts set forth in this record, the defendant has failed to demonstrate such a strong and substantial showing of indicators of New Jersey domicile as to preclude the exercise of discretion in the granting of a temporary injunction as requested by plaintiff (cf. *Faulk v Faulk,* 21 AD2d 967; *Rosenstiel v Rosenstiel, supra*). Special Term in denying the plaintiff's motion for an injunction relied on the fact that in the New Jersey action the plaintiff has appeared for the purpose of contesting jurisdiction and at a plenary hearing ordered by the New Jersey court on the question of jurisdiction, plaintiff's rights will be "ably protected in that Court." This is simply not the test for determining whether an injunction should issue and would, in effect, penalize plaintiff for facing the "Hobson's choice" of litigating the issue of defendant's domicile in both actions. Perusal of the catalogue of legal citations narrated above highlights the fallacy of the pragmatic solution espied by Special Term. On this record, and in view of the respective showings made by the parties regarding defendant's domicile, plaintiff was entitled to be protected from litigating that issue in both the New Jersey and New York courts, with the possibility of unfair advantage entailed therein in that appellate review and other legal procedures could be availed of to burden and otherwise frustrate the orderly and prompt administration of justice to which the litigants in reason and fair play are entitled. A full, factual delineation gleaned from the instant record serves only to reinforce the conclusion that plaintiff is entitled to the injunction or, at the very least, to a hearing in the courts of this State on the issue of defendant's domicile. Accordingly, I would further modify the order appealed from, in addition to the modifications directed by the majority, by reversing the denial of plaintiff's application to enjoin the defendant husband from prosecuting his New Jersey divorce action; such application should be granted, and, as thus further modified, I would affirm.