◼ ELENE DE SAINT PHALLE, Respondent, v THIBAUT DE SAINT PHALLE, Appellant.—Appeals from orders of Supreme Court, New York County, entered March 2, 1979, and May 14, 1979, respectively, enjoining defendant from prosecuting an action in New Jersey pending the determination of this action in New York, and denying rehearing or renewal of said motion. The matter is remanded to Special Term for a hearing and determination of the issue of the husband's domicile, without costs, and the present appeals are held in abeyance pending such hearing and the determination thereon. In the present action, plaintiff wife is suing defendant husband for a separation and to set aside a certain stipulation and judgment in a prior action between the parties with respect to support and maintenance of the children, and the sale of a co-operative apartment, and for money had and received. Eighteen months after the institution of this action in New York, defendant husband instituted an action in the courts of New Jersey for a divorce. It is the position of the husband that he is a domiciliary of New Jersey; the wife disputes this. If the husband is not a domiciliary of New Jersey, plaintiff wife is entitled to the protection of an injunction against the prosecution of the action in the courts of New Jersey. *(Garvin v Garvin,* 302 NY 96; *Pereira v Pereira,* 272 App Div 281; *Aghnides v Aghnides,* 4 AD2d 498.) If, on the other hand, the husband is a bona fide domiciliary of New Jersey, the situation may be quite different. Neither party is asking for a divorce in the New York action. While it is open to the defendant husband to counterclaim for a divorce in the New York action if he has grounds therefor, it is contended that there are some grounds for divorce available to the husband as a domiciliary of New Jersey in the courts of New Jersey which are not available in the courts of New York, specifically, desertion established by proof that the parties have ceased to cohabit as man and wife for 12 months, and also, that the parties have lived separate and apart for 18 months, even in the absence of a separation agreement or a decree of separation. We deem it highly important that the actions are sufficiently different so that the decision in the New York action will not determine the New Jersey action for divorce which will presumably still have to be tried after the temporary injunction in the present action in New York expires by final judgment (unless, of course, the New York court finds no domicile in New Jersey and enjoins the prosecution of the New Jersey action). Thus, if the defendant is a bona fide domiciliary of New Jersey, he may well be entitled to pursue his divorce action in New Jersey on grounds permitted by New Jersey law, and in such case perhaps there should be no temporary injunction. *(Faulk v Faulk,* 21 AD2d 967; *Frichner v Frichner,* 55 AD2d 523; *Rosenstiel v Rosenstiel,* 15 AD2d 880, cf. *Williams v North Carolina,* 317 US 287, 325 US 226.) There is a factual dispute as to whether the husband is a bona fide domiciliary of New Jersey. After the grant of the temporary

injunction by Special Term in this case, the wife moved in the New Jersey action to dismiss that action. The New Jersey court denied that motion stating, "it appearing that the plaintiff, Thibaut de Saint Phalle, is a bona fide resident of the State of New Jersey." It is not clear from the present record whether that determination is a final finding of fact. Special Term found it unnecessary to meet the question as to whether defendant husband is a domiciliary of the State of New Jersey and did not decide that question. In the view we take of this matter, it is necessary to decide that question, and we therefore remand the matter to Special Term for that purpose. Concur—Birns, J. P., Ross, Lupiano, Silverman and Carro, JJ.